UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS GARCIA DIN #89-T-1556

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

THOMAS GRIFFIN, SUPERINTEDENT
GREEN HAVEN CORR. FAC. ; ETAL

See ATTACH

Page #11 and #12

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☑ Yes  ☐ No
(check one)

18CV8761

I.     **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name      CARLOS GARCIA
               ID #      89-T-1556
               Current Institution   WENDE CORRECTIONAL FACILITY
               Address   P.O. Box 1187 Wende Road
                         ALDEN, NY   14004

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 2    Name   ARMAND T. Pastilla _____  Shield # _____
                   Where Currently Employed   Correction Officer Green Haven Corr. FAC
                   Address   Route 216 _____
                             Stormville   NY   12582-0010 _____

Defendant No. 1    Name   THOMAS GRIFFIN, SUPERINTENDENT  Shield # _____
                   Where Currently Employed   GREEN HAVEN CORR. FAC.
                   Address   Route 216 _____
                             Stormville, NY   12582-0010 _____

Defendant No. 3    Name   AARON FINN, _____  Shield # _____
                   Where Currently Employed   CORRECTION OFFICER GREEN HAVEN CORR FAC
                   Address   Route 216 _____
                             Stormville   N.Y.   12582-0010 _____

Defendant No. 4    Name   _____  Shield # _____
                   Where Currently Employed   ( See Attach )
                   Address   _____
                             See pages # 11-12

Defendant No. 5    Name   _____  Shield # _____
                   Where Currently Employed   _____
                   Address   See Attach
                             Pages # 11-12

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.   You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.   Do not cite any cases or statutes.   If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?   GREEN HAVEN CORRECTIONAL FACILITY

B.    Where in the institution did the events giving rise to your claim(s) occur?   EVENTS began in A & B Yard, and continued in B & C corridor and Messhall corridor

C.    What date and approximate time did the events giving rise to your claim(s) occur?   Date of event was 7-30-15 AT Approximately 7:47 pm.

D.    Facts: On 7/30/15, upon returning to the A & B yard on the West side, I was called over by Three officers who had earlier harassed me. I went to the officers who began to question me, and was then ordered to take it to the B & C corridor. I complied and as I was walking C.O. A. Finn Attacked me from behind and put in an illegal choke hold, where I lost consciousness and placed in mechanical restraints. I was awoken and taken into B & C corridor, where C.O. Finn & C.O. Peters (name not confirmed) bent my arms upward and battery rammed my head into brick wall while in handcuffs. C.O. Pastilha hit me with baton across right temple, I went down and was visciously kick in the nose.

**What happened to you?**

**Who did what?**

The response team arrived, upon their arrival I was sprawled out on the pavement in an awkward position. I complained of chess pain and that I could not breathe due to my anxiety disorder. where c.o. snedecker and several officers began to climb on my limbs, one stepped on my right elbow, one on my left elbow, one stepped on my foot holding it down sideways and one on my right, while officer snedecker climbed on my lower leg while bouncing up and down tryint to snap the bone until I began to yell in pain while the sergeant looked on.

The only people who witnessed what happen were all C.Os. and the Sergeant that was present. I was isolated from any inmates after being taken out of the yard.

**Was anyone else involved?**

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I sustained a gash on my upper forehead from being rammed into wall. A contusion and swollen welt across my right temple, a busted nose, a contusion on left cheek from being jabbed with the baton and bruises to my shoulder from strike with baton, right and left elbow, and right and left knee where c.os. climbed on limbs to pin me down as well as swollen ankles and bruise on my left shin where officer snedecker bounced on leg. Medical did nothing but cover for officers, officers had medical clean up the blood flow before Photos were taken.

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes __✓__ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). GREEN HAVEN CORRECTIONAL FACILITY

_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes __✓__ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes __✓__ No ____ Do Not Know ____

If YES, which claim(s)? Assault by Staff, Retaliation, Harassment

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes __✓__ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? GREEN HAVEN CORRECTIONAL FACILITY

1. Which claim(s) in this complaint did you grieve? Assault by Staff and retaliation and fabricating misbehavior report.

2. What was the result, if any? Inmate Grievance Resolution Commitee issued a log No.# but never responded; Superintendent did not respond after 90 days.

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. IN accordance to Department regulations, Superintendent has 25 days to answer grievance. Superintendent did not respond after 90 days, I thereafter appealed directly to central office Resolution Commitee in accordance with Title 9 N.Y.C.R.R.§ 701.8

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: _____

I filed timely grievance and appeal as required by "PLRA"
(THE PRISON LITIGATION REFORM ACT) 42 U.S.C. § 1997 E
(A), and exhausted administrative remedies.

2.    If you did not file a grievance but informed any officials of your claim, state who you informed,
      when and how, and their response, if any: _____
            I filed Grievance, AND also informed Superintendent
      in Discretionary Review and multiple complaints that
      he refused to answer. see exhibits ( D, G, I, K, & Y )

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative
      remedies. I received a response that was not based on this incident and
      appealed to Central Office Review Committee, and no answer to
      my appeal was ever made to me. Therefore, Remedies were not
      available to me.   See EXHIBITS ( B, C, E, F, H, J, N, T, u, x, z, CC,
      DD, EE, FF, HH, II, JJ, KK, LL, MM & NN ) Attached

**Note:**  You may attach as exhibits to this complaint any documents related to the exhaustion of your
      administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you
are seeking and the basis for such amount). _____

WHEREFORE: Request by Plaintiff, that the court grant the
following relief, Compensatory damages in the amount
of $ 50,000 in their individual capacity and further
relief that the court deems Just and Proper.

## VI.   Previous lawsuits:

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No __✓__

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes _____   No _____
If NO, give the approximate date of disposition _____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____   No __✓__

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes _____   No _____
If NO, give the approximate date of disposition _____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this **18** day of **September**, 20**18**.

Signature of Plaintiff    _Carlos Garcia_____

Inmate Number            # 89-T-1556

Institution Address       Wende Correctional Facility

                          3040 Wende ROAD

                          Alden, N.Y. 14004-1187

                          CARLOS GARCIA #89-T-1556

**Note**:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this ___ day of **September**, 20**18**, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _Carlos Garcia_____

                          CARLOS GARCIA

                          #89-T-1556

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| _7/20/18_ | _Carlos Garcia_ |
| Dated | Plaintiff's Signature |
| _CARLOS_ | _GARCiA_ |
| First Name          Middle Initial | Last Name |
| _Wende  CORR FAC.  ; 3040 Wende Road_ | |
| Street Address | |
| _Alden_ | _NY_          _14004-1187_ |
| County, City | State          Zip Code |
| _N/A_ | _N/A_ |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Attached Defendant Information Sheet. #2

Defendant 4:
UNIDENTIFIED CORRECTION OFFICER
First Name                    Last Name
CORRECTION OFFICER
CURRENT JOB TITLE (or other indentifying info.)
GREEN HAVEN CORR. FAC.; ROUTE 216,
Current Work Address
STORMVILLE,          N.Y.          12582-0010
County,City          State          Zip Code

Defendant 5:
ERIC          GUTWEIN
First Name          Last Name
COMMISSIONER'S HEARING OFFICER
Current job title (or other identifying info.)
GREEN HAVEN CORR, FAC. ; ROUTE 216
Current Work Address
STORMVILLE,          N.Y.          12582-0010
County, City          State          Zip Code

Defendant 6:
UNKNOWN          GIORDANO
First Name          Last Name
EMPLOYEE ASSISTANT
Current job Title (or other identifying info.)
GREEN HAVEN CORR. FAC. ; ROUTE 216
Current Work Address
STORMVILLE,          N.Y.          12582-0010
County,City          State          Zip Code

Defendant 7:
KAREN          BELLAMY
First Name          Last Name
DIRECTOR, INMATE GRIEVANCE PROGRAM
Current job Title (or other identifying info.)
GREEN HAVEN CORR. FAC. ; ROUTE 216
Current Work Address
STORMVILLE,          N.Y.          12582-0010
County,City          State          Zip-Code

Defendant 8:
(UNKNOWN) STANAWAY
First Name          Last Name
INMATE GRIEVANCE PROGRAM SUPERVISOR
Current Job Title (or other identifying info.)
GREEN HAVEN CORR. FAC. ; ROUTE 216
Current Work Address
STORMVILLE          N.Y.          12582-0010
County, City          State          zip-code

(11)

Attached Defendant Information Sheet. #5

Defendant #9.

(unkown) SNEDECKER
first Name     Last Name

CORRECTIONAL OFFICER
current Job title

GREEN HAVEN CORR. FAC. i ROUTE 216
current Work Address

STORMVILLE , N.Y.     12582-0010
County, City         State      zip-code

Defendant 10:

(UNKNOWN)     SCICCHITANO
first Name        Last Name

CORRECTIONAL SERGEANT
current Job Title

GREEN HAVEN CORR. FAC. ; ROUTE 216
current Work address

STORMVILLE , N.Y.     12582-0010
County, City         State      zip-code

Defendant 11:

YVETANE     NICOLAS
First Name     LAST NAME

REGISTERED NURSE
current Job Title

GREEN HAVEN CORR. FAC. i ROUTE 216
current Work Address

STORMVILLE , N.Y. 12582-0010
County, City         state      zip-Code

(12)

UNITED STATES DISTRICT   SDNY RECEIVED DOCKET UNIT
SOUTHERN DISTRICT OF NEW YORK   2018 SEP 24 PM 4:01
CARLOS GARCIA #89-T-1556

                   Plaintiff,          AFFIDAVIT

     - Against -             Civil Action No. _____

THOMAS GRIFFIN, SUPERINTENDENT; ETAL.

                 Defendants,

## AFFIDAVIT OF CARLOS GARCIA

   I CARLOS GARCIA , being duly sworn according to the law depose and say that I am the plaintiff in the above entitled proceeding.

1. That I am the plaintiff in the above encaptioned case and The plaintiff is fully familiar with the facts and circumstances surrounding this matter.

2. That all of the allegations made herein, and in any other document hereinwith are true to the best of my knowledge unless otherwise stated.

3. The Plaintiff's Eighth Amendment Rights were violated when correctional staff AARON FINN , ARMAND T. PASTILHA, and third unknown officer attacked him without any provocation.

4. Defendant Aaron Finn attacked Plaintiff and placed

Plaintiff in illegal choke hold rendering Plaintiff unconscious, and placing Plaintiff in mechanical restraints.

5. Plaintiff's Eighth Amendment Rights Were Violated when Defendants Aaron Finn, Armand T. PastilHa, and unknown Officer without provocation, maliciously and sadistically brutalized Plaintiff while Plaintiff was in mechanical restraints when excessive physical force did not serve no penological interest.

6. Plaintiff's Eighth Amendment Rights Were Violated when Defendant Sergeant Scicchitano stood by and did not intervene while observing Officers illegally beating and brutalizing a helpless Plaintiff who was in mechanical restraints and posed no threat to institutional safety or correctional goals nor to any staff.

7. Defendant's training and Departmental Rules should be taken into account as part and parcel of totality of the incident not being objectively reasonable within job discription, when Plaintiff was already in mechanical restraints and pose no threat whatsoever.

8. Defendant Sergeant Scicchitano displayed deliberate indifference when he allowed defendant Snedecker to bounce up and down on Plaintiff's shin in attempt to cause

serious harm, while plaintiff was held down to the ground by other defendants, who had their boots on both elbows and ankles while restraints were on from behind plaintiff's back.

9. Defendant Snedecker contributed to plaintiffs pain and suffering, When Snedecker participate in the assault and Sadistically climbed on plaintiff's shin and bounced up and down until Plaintiff screamed in pain.

10. Defendant Yvetane Nicolas showed deliberate indifference in not providing appropriate Medical attention, by not providing any medical assistance whatsoever.

11. Defendant Yvetane Nicolas undermined her professional obligations, When she allowed Defendant Scicchitano to dictate medical by telling Defendant Nicolas to only wipe the blood for the photographs and keep the medical report to a minimum.

12. Defendent Thomas Griffen encouraged an environment where officers had a carte blanche, blatantly assaulting inmates with a total disregard for repercussion or reprimand. Where it was rumored that officers had a hit list of inmates that were singled out for assaults.

13. Defendant Thomas Griffin refused to address the

Constant assaults that were transpiring during his tenure, when assaults by staff spiked during his arrival at the facility. Complaints and discretionary review went totally ignored by his administration.

14. Defendant Eric Gutwein violated my Due process Rights in denying me a fair and impartial hearing Officer, when defendant refused to remedy employee assistant's err in not providing requested documentary evidence, and denying relevant witnesses without a stated good-faith reason for such denial.

15. Defendant Giordano violated my Due process Rights in not providing any assistance at all, precluding me from preparing an adequate defense.

16. Defendant L. Stanaway deliberately circumvented any effort for timely review on my grievance complaint, utilizing stalling tactics through manipulation.

17. Defendant Stanaway provided false information to Director of Inmate Grievance Program, to the effect that I did not file any grievance complaints in 2015 or 2016. Defendant eventually denied my grievance, and based the determination on an incident that had absolutely nothing to do with grievance filed.

18. Defendant Karen Bellamy displayed deliberate indifference in abusing her position as Director of Inmate Grievance program, by manipulating the policy and procedures that she is mandated to follow. The Defendant upon running out of ideas to circumvent my appeal efforts, resorted to not responding at all when she realized that Defendent Stanaway denied me any resolution and based it upon incident that did not pertain to the grievance in question.

19. Defendants violated the rules of their Department, when the substantial training they go through and undergo, it must be deduced that the defendant's knew what policies they are obligated to adhere to.

20. plaintiff was precluded from timely filing complaint in this action based upon Department Staff's underhanded tactics and manipulations that is the subject of an ongoing Investigation by the Office of Special Investigations ordered by the Superintendent of Auburn Correctional facility.

21. Plaintiff has file a complaint concerning the incident with the Pro-se Clerk of the Southern District of New York, and was sent a new complaint

to fill out and submit because the original complaint was deliberately damaged in the incident mentioned in the complaint.

22. Plaintiff was unable to mail complaint until now because of a transfer from the facility to another facility, due to the incident in question and inmate's trust fund account just arrived at the new facility providing Plaintiff the ability to send out the legal work by certify mail return receipt.

23. The Plaintiff asserts that all of the enclosed statements are true and accurate accounts to the best of his belief.

WHEREFORE; Plaintiff request that the Court grant the following relief, compensatory damages in the amount of $50,000 in their individual capacity and further relief that the court deems just and proper.

I declare under the penalty of perjury that the foregoing is true and accurate under 28 U.S.C. 1746

Signed this __18__ day of
September 2018

_Carlos Garcia_
CARLOS GARCIA #89-T-1556
WENDE Correctional Facility
3040 Wende Road
Alden, N.Y. 14004-1187

I declare under the penalty of perjury on this __18__ day of September 2018, I am delivering this complaint to prison authority to be mailed to the Pro-Se office of the United States District Court of the Southern District of New York.

SWORN to before me
This __18__ day of September 2018

_____
NOTARY PUBLIC

BENJAMIN A WILSON
NOTARY PUBLIC STATE OF NEW YORK
ERIE COUNTY
LIC. #01WI6298376
COMM. EXP. 3/12/27

EXHIBIT A

FORM 217.1B (4/09)
Side 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## Green Haven Correctional Facility

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) • NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. • NUM | HOUSING LOCATION • CELDA |
|---|---|---|
| Garcia, Carlos | 89T1556 | B-4-172 |

| 2. LOCATION OF INCIDENT ♦ VIOLACIONES | INCIDENT DATE • FECHA | INCIDENT TIME • HORA |
|---|---|---|
| A&B Yard | July 30, 2015 | 7:47PM  Approximately |

**3. RULE VIOLATION(S) ♦**

| | |
|---|---|
| 100.11  ATTEMPTED ASSAULT ON STAFF | 104.13 Disturbing the order |
| 106.10  REFUSING DIRECT ORDER | 102.10 Threats |
| 109.12  MOVEMENT REGULATION VIOLATION | 121.12 Facility Phone Regulations |

**4. DESCRIPTION OF INCIDENT ♦**

On the above date at approximate time of 7:47PM while making rounds in A&B Yard I observed inmate Garcia telling unidentified inmates when they can get on the phones. I approached inmate Garcia to question him about what I observed and he immediatly became uncooperative and attempted to walk away from me. C.O. Pastilha ordered him to stop and he complied. Inmate Garcia then became very loud and argumentitive. He began to attract the attention of the approximate 137 inmates in the yard. I then gave inmate Garcia a direct order to take it into B&C Corridor. Inmate Garcia stated he wasn't going inside turned and began walking away from me. I then gave the inmate another direct order to take it into the corridor at which point inmate Garcia turned towards C.O. Pastilha quickly and aggresively with closed fists. It appeared he was going to assault C.O. Pastilha so i then took inmate Garcia To the ground forcefully and gave him multiple direct orders to stop resisting. The inmate continued to struggle. C.O. Pastilla then placed inmate Garcia in mechanical restraints. C.O. Pastilla and I aided inmate Garcia to his feet and escorted him to the corridor where he kept threatening that eventually his cuffs will come off and he will get us. Upon reaching the corridor responding staff met us and relieved us.

| REPORT DATE • FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE • FIRMA | TITLE • TITULO |
|---|---|---|---|
| 07/30/15 | A. Finn | | C.O. |

**5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)** SIGNATURES :
ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)  FIRMAS: 1 _____ C.O. PASTILHA

2 _____  3 _____

**NOTE: Fold back Page 2 on dotted line before completing below.**

DATE AND TIME SERVED UPON INMATE _____ NAME AND TITLE OF SERVER _____
FECHA HORA DADO AL RECLUSO _____ NOMBRE Y TITULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaracion hecha por usted como respuesta al cragoo informacion derivada de ella en una demanda criminal.

### NOTICE ♦ AVISO

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerara y determinara en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardized institutional safety or correctional goals. ♦ Se le permitira al recluso llamar testigos con tal de que al hacerlo no pondra en peligro la seguridad de la instiucion o los objectivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si esta restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su respresentante antes de la audiencia para que haga una declaracion acerca de la necesidad de continuar bajo confinamiento , previo a la audiencia.

Distribution:  WHITE - Disciplinary Office  CANARY - Inmate (After review) ♦ Distribucion:  BLANCA - Oficinia Discipliaria  AMARILLA - Recluso (despues de la resion)

EXHIBIT B

FORM 2131E (REV. 6/06)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
## INMATE GRIEVANCE COMPLAINT

Grievance No. _____

GREEN  HAVEN _____ CORRECTIONAL FACILITY

Date 8/3/15

Name CARLOS Garcia _____ Dept.No. 89-T-1556 Housing Unit SHU # 13

Program _____ AM _____ PM

*(Please Print or Type - This form must be filed within 21 calendar days of Grievance incident)*

Description of Problem: (Please make es brief as possible) I am submitting this complaint for
the assault that occured against me by CORRECTion officers while I was
in mechanical restraints on 7/30/15, I was attacked by three officers
in the west side weight yard in front of everybody. This attack occured
while my back was to them, I was placed in an illegal choke hold similar
to that of ERIC Gardner. Where I could not breathe, and was rendered
unconscious. When I awoke, I was in mechanical restraints being taken
(see attached)

Grievant
Signature _____

Grievance Clerk _____ Date: _____

Advisor Requested ☐ YES ☐ NO    Who: _____

Action requested by inmate: That complaint be file as required for civil
actions!
_____
_____

This Grievance has been informally resolved as follows:
_____
_____
_____
_____

This Informal Resolution is accepted: _____
To be completed only if resolved prior to hearing)

Grievant
Signature _____ Date: _____

unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

inside through B & C corridor door. I was taken to the mess hall corridor, where Officers A. Finn and A. Peters rammed my head into the wall while cuffed from the back with my arms bent upward, which resulted in a gash on my upper forehead, while C.O. Pastilha assualted me with his baton. This incident was instigated under false pretense that I will bring to light at my disciplinary hearing. I am merely exhausting my administrative remedies, so that I can proceed with civil actions. Thank you for you time in this matter!

cc: personal file

Carlos Garcia

Roland d
Carlos Garcia
# 89-T-1556                                              8/4/15

FORM 2131E (REV. 6/06)

STATE OF NEW YORK · DEPARTMENT OF CORRECTIONAL SERVICES
INMATE GRIEVANCE COMPLAINT

Grievance No.

# GREEN HAVEN

CORRECTIONAL FACILITY

Date  8/4/15

Name  Carlos Garcia     Dept.No. 89-T-1556 Housing Unit  S.H.u #13

Program _____ AM _____ PM

*(Please Print or Type - This form must be filed within 21 calendar days of Grievance Incident)* *

Description of Problem: (Please make as brief as possible)  I am filing this complaint on
the unprofessional behavior by medical in this facility. Medical
nurses allowed correction officers to dictate a medical situation after I
was brutally assaulted by staff, and only applied minimal medical care
I sustained a gash on my upper forehead after officers rammed my head
into a wall while in mechanical restraints, and was beaten on with
batons. Officers told nurse not to stitch me up, I was not given
(continue attached)

Grievant
Signature _____

Grievance Clerk _____     Date: _____

Advisor Requested  ☐ YES   ☐ NO   Who: _____

Action requested by inmate:  That Grievance be filed as required
for future civil action in the matter!

This Grievance has been informally resolved as follows:

_____

_____

_____

This Informal Resolution is accepted: _____
To be completed only if resolved prior to hearing)

Grievant
Signature _____
Date: _____

unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

any x-Rays and was not checked to see if I suffered a
concussion. I specifically informed medical staff that I cou
not breathe, was experiencing chest pains and was feeling
light-headed. Officers interceded and told the nurse that I w
faking it, and nurse simply checked my vitals, and stated y
are fine, you Just have hyper tension anxiety disorder.
Yet, did not provide me any sort of medication, and
allowed correction staff to throw me in a room overnight.
I passed out in that room, and was awakened by a
nurse in the next shift. This nurse (name unknown, a
asian woman) even asked me ...where is all the blood
coming from? Because the sheets on the bed was
covered in blood from when I passed out. This
alone shows that medical care was not adhered to adequ
nor was my injury bandaged up to supress the bleedin
     Medical has a responsibility to provide medical
assistance free of correction officer's input, for medical
is its own entity for which officers cannot interfere
Failure by medical staff to adhere to their responsibili
is a gross negligence of their duty.
     I simply request that my grievance be
filed for further action through civil actions in th
Court. thank you for your time!

                                   Respectfully submitted

cc: personal file:                 Carlos Garcia

**EXHIBIT D**

TO: MR. THOMAS R. GRIFFIN, Superintendent
FROM: CARLOS GARCIA #89-T-1556 S.H.U. #13
Subject: Harassment by Staff
Date: 8/5/15

      I am submitting this complaint concerning the constant harassment by Officers during the 3-11 shift. On 5-3-15, I received a dinner tray that the officers spitefully filled with water, flooding the entire food portion. The bread was also inside the tray Which was completely soaked and soggy. I notifie the officer who refused to rectify the matter, s I brought it to the attention of Sgt. Howard who was the area supervisor. Sgt Howard was Obviously involved with sobataging my evening mea with the officers and also refused to rectify this matter.

      The Staff in S.H.U. are unprofessional and arbitrary in covering for eachother, and instigate Situations by antagonizing inmates, so they can issue misbehavior reports. I was issued a misbehavior report for an incident that your officer initiated by violating my evening meal. To allow and condone these tactics, where Officers are instigating a

situation so that they can issue misbehavior report is unacceptable.

I am presently behind glass because of a situation your officers created, and condoned by the area supervisor. I am now in a situation where officer are turning off my water during the 3-11 shift, I have brought it to a sgt's attention as well as Lt. Norton. not surprisingly they sided with the officers, further condoning this unproffessional misconduct.

I am not on water deprivation for these officers to be shutting off my water. Yet, this Harassment has been allowed to continue unabated.

I am requesting that this situation b. investigated and these officers to be reprimanded for their lack of professionalism. Bear in mind, that shutting off my water, playing with the lights in my cell and harassing me is a form of psychological torture. what's next, am I going to be subjected to waterboarding? On Wednesday, 8-5-15, I was deprived of my shower, because officer lied and stated "oh, you giving me the finger, so I guess that means that you dont want a shower".

These are the childish games that your officer are subjecting me to, and today I was again left without water. You can review the video camera and audio, and see that I have requested to speak to a Sgt. about my water.

At this present moment, the officer is pouring water inside my cell from the back vent. Is that professional behavior by a correction staff?

I am bringing this matter to your attention, and asking you respectfully to intercede in this matter. I will be filing civil actions for the violations of my civil rights pepertrated by your officers, and for why I am in the Special Housing Unit. I was brutally assaulted by your officers while I was in mechanical restraints, and refused appropriate medical attention because your correction staff intimidated medical and dictated who was done in medical.

This brutal assault was perpetrated because of something I spoke with only two people... "You and the I.G. You forwarded my information too!" So How did your officers find out what I spoke with

you two about? It is obvious that someone leaked that information, and placed my well being in danger.

The assault against me was put in motion by Officer Stevens, and carried out by his followers. What they stated while beating me and ramming my skull into the wall while in restraints, led me to believe that either you or this I.G. agent told someone what we discussed in confidentiality.

The truth will come out in my civil action, and the bogus misbehavior that was written to cover-up their brutal assault is so frivolous that I will expose the lies perpetrated in that report. I again request that an investigation be conducted and that it be a fair and impartial investiga-

I am also forwarding a copy of this complaint to the office of The Inspector General for further investigation. I await your reponse to this matter! Thank you for your time!

cc: I.G. office
commissioner of corrections
personal file

Respectfully submitted,
Carlos Garcia
#89-T-1556
S.H.U. #13

EXHIBIT E

INMATE GRIEVANCE Complaint

GREEN HAVEN CORR. FAC.

Grievance No.#

8-7-15

CARLOS GARCIA #89-T-1556 SHU #13

     I am submitting this complaint based upon the constant harassment by officers in S.H.U. during the 3-11 shift. As retaliation Officer EDGE and the A-Officer (name unknown) have resorted to depriving me of showers and water in my cell. I am not on water deprivation, and have addressed this issue to (3) Sgts. and Lt. NORTON. They all stated that they will look into the matter, but as soon as they leave the Unit, the a-officer shuts the water back off. This has been going on for 3 days now, and it is clearly obvious that these officers either do not respect their area supervisors or the area supervisor is not reprimanding them on their unprofessional behavior. I am requesting that my complaint be filed, so that I can pursue outside channels, for these officers are overriding the scope of their authority. Playing with my lights, banging on my back wall with their baton, shutting off my water all day during 3-11 shift and depriving me of showers, is the equivalent of psychological torture tactics and a clear sign of unprofessionalism by staff who have a total disregard for authority when they ignore their own supervisors.

Respectfully submitted,
Carlos Garcia
#89-T-1556

cc: Personal file:

EXHIBIT E

INMATE GRIEVANCE COMPLAINT

GREEN HAVEN   CORR. FAC.

GRIEVANCE NO.

8-10-15

CARLOS GARCIA #89-T-1556.   SHU. #13

    I am submitting this complaint on the continued harassment by S.H.U. A-officer, who despite being spoken to by Senior Officer Barto, Weber, and Sgt. Verlardo, Sgt. Zike and Lt. Norton. Continues with his unprofessional conduct and childish behavior. He obviously take their reprimand for a joke when he continues to deny me Light and Water. I have submitted several grievances concerning this matter, and complaints to the superintendent to no avail. His attempt to provoke and instigate a situation is merely a ploy, so that he can retaliate with misbehavior reports and utilizing the disciplinary proceedings as his weapon.

    I will submit a grievance complaint every single day as well as a complaint to Mr. Griffin, until Somebody decide to do something about his actions. Today he has threatened to disappear my mail and personal property, therefore, I request that my grievance be file and a record be made concerning his threats.

    Thank you for your time!

cc personal file:

Respectfully Submitted,
Carlos Garcia

EXHIBIT C

TO: Superintendent, T. Griffin;
FROM: CARLOS GARCIA #89-T-1556   S.H.U. #13
DATE: 8/10/15
Subject: continue harassment by staff.

MR. Griffin;

I have written to you concerning the conti
harassment by staff in S.H.U. during the 3-11 shift
I have also addressed this issue in several
grievances, and spoke to several sgts. as well.
However, it seems as if the A-officer doe
not care who speaks to him concerning his childish
and unprofessional behavior. He was spoken to by
C.O. BARTO, C.O. Weber, Sgt. Verlardo, Sgt. Zike
and Lt. Norton, but continues his harassment.
He comes behind my cell and bangs with
his baton, turns off my water the entire shift
plays with my lights and even goes to the
extent of pouring water into my cell from the
catwalk.
This Officers actions are intended
to provoke and instigate a situation, so that
he can turn around and use misbehavior repo
and the disciplinary proceedings as a weap
against me. I will continue to write a

grievance every single time he does something unprofessional and accompany it with a complaint addressed to you, until somebody decides to reprimand him for his actions. I've submitted several complaints to you and grievances about his actions, and nobody is addressing this matt

Therefore, I am submitting a complaint to the commissioner every single time that I file a grievance, and write you a complaint. So that somebody will address this situation.

I have foiled the audio & video on the gallery for purchase, so in the event that he attempts to deny my claim, the evidence will demonstrate that his denial is false. He turns the water on when a Sgt. or brass makes round in the event that I complain about it, then he shuts it off again as soon as they leave the uni

However, the video & audio will show that on the 3-11 shift my water was off when the nurse made rounds to bring me medication, that Officer Staples had to go up front & ask that my water be turned on for my medication This occured several times already and those videos will substantiate my claim.

I have asked that you intercede in this matter to no avail. I specifically state

that his unprofessional conduct and total disregard to reprimands from Senior officers, Sgts. and Lt. Norton, is the equivalent to psychological torture and cruel and unusual punishment.

This officer obviously is mistaken that he is automatically indemnified for acts that do not conform with the mandates of the constitution, laws of the state, rul and regulations, and directives upon a Jury verdict and Judgement. Rather, Public officer's Law §17 (3)(A) only gives Prison officials a "CAUSE OF ACTION" when they perform their duties and responsibilities in accordance to law.

Therefore, any unlawful action taken by any officer outside the scope of his official job description, duties and responsibilities strips him of "INDEMNIFICATION". Publi Officer's Law §17(3)(A); Matter of C.O. Spitz V. Coughlin, 57 N.Y.S.2d 647 (3rd. Dept 1990) OR "ENTITLEMENT" of the States Shield of "IMMUNITY". Correction Law § 24; matter of ⑨ Murray V. C.O. Reif, 828 N.Y.S.2d 699 (3rd. Dept. 2007).

In addition, all prison officials have taken either an Oath, or a bond and undertaking upon appointment to discharge any of his duties faithfully and to protect and uphold the constitution of the United States and the State of New York. McKinney's Article 13 §1; Public Officer's LAW § 11, 12 and 20; Civil Service Law § 62.

In conclusion, any criminal or illegal conduct: physical or violent, or illegal infractions, or falsification of records or false accusations contrary to rules and regulations are actionable. 42 USCA § 1983 (Civil Rights Complaint) and 18 USCA § 242 (criminal complaint) for civil rights violations under the color of state law. U.S. V. C.D. Cote, 544 F.3d. (2nd. Cir. 2008); US. V. Price, 86 S.ct 1152 (1966)

I further want to note that today, this same officer has again refused to provide me with light up making rounds for lights, and has made threats about disappearing my mail. In the event that I do not receive my mail, I will pursue civil actions. This officer expects me to react, so that he can retaliate with misbehavior reports as his weapon. I will safeguard myself and have my family contact counsel, so that he can call Albany to speak with the acting commissioner Anthony Annucci. I am requesting that the video/audio for Aug 5th, 6th, 7th and 8th be preserved as evidence, for any attempt to destroy evidence requested is a clear act of guilt and cover-up.

Thank you for your time in this matter! I await your response!

Respectfully Submitted,
Carlos Garcia

CC: Commissioner Anthony Annucci
Personal file

Inmate grievance complaint

grievance No.

GREEN HAVEN CORR. Fac.

name: CARLOS GARCIA          DiN# 89-T-1556          Date: 8/10/15 - 8/11/15
                                                          S.H.U. #13

Discription of Problem:          I am asking that this Complaint
be filed Concerning the Continued harassment by the A-officer
in S.H.U. who continues to abuse his authority by shutting off
my water for the entire shift and now has the midnight
officer doing the same thing. I had no water and light
from 3:00 pm until 7:00 A.M. (8-10-15 - 8-11-15). The video of Audio
would Clearly show that officer BARTO stated that he would go turn it
back on which substantiate my claim that it was indeed off.

ation requested by inmate: That grievance be filed accordingly
Concerning Cruel and unusual Punishment by A-officer (3-11)
and midnight shift A-officer (11-7).

CC: Personal
File.

**EXHIBIT I**

see video/audio at 7:00 AM
8/11/15

To: Superintedent, T. Griffin;
From: CARLOS GarCia #89-T-1556   S.H.U. #13
Date: 8/11/15
Subject: Cruel and unusual punishment by staff complaint.

MR. Griffin;
       I am writing this complaint to convey that I have written to you multiple times concerning the abuse of authority by the 3-11 shift A-officer, who continues to Display his lack of regards for his Job discription. This officer comes in at 3:00pm and shuts off my light and water for the entire shift. He now has the midnight officer doing the exact same thing until 7:00 AM. Therefore, I am being Kept without light and water for 2 straight shifts (3:00pm until 7:00AM). In my prior complaints I have conveyed that I will file a complaint to you and a grievance, and I intend to do just that. This 3-11 officer (A-officer) now has the Nurse denying me my evening medication. He was spoken to by C.O. Barto, C.O. weber, Sgt. Levardo, Sgt. Zike and Lt. Norton to no avail, the video/audio will clearly show that C.O. Barto stated that he would turn my water on this morning (8/11/15 at 7:00 AM), and the evidence will also show that nurse did not come to my cell on mon. (8/10/15) and Tue. (8-11-15) for my evening medication, because he is interfering with medical. I ask once again that this C.O. be reprimanded & an investigation be conducted, and that video/audio Be presereved for Aug. 5, 6, 7, 8, 9, 10, 11 in the evening.
cc: personal file:                    Respectfully submitted: Carlos Garcia

EXHIBIT 1

INMATE GRIEVANCE COMPLAINT

Grievance No:

GREEN HAVEN

CORRECTIONAL FACILITY
Date: 8/11/15 - 8/12/15

Name  CARLOS GARCIA      Din #891-1556    Cell  SHU #12

Discription of Problem
                                    I am requesting that my
complaint be filed and noted on the Continuous Cruel
and unusual Punishment Perpetrated against me by
the A-officer in S.H.U. during the 3-11 shift. Everyday when
he comes in he shuts off my water and light the entire
shift and has now started the midnight shift doing the same
thing. He also has the nurse denying me my evening medication
The video/audio will substantiate my claim!


Action Requested  -That my Grievance be filed & logged
for I intend to pursue civil actions in this
matter!


CC: Personal
file

O: MR. T. Griffin, Superintendent

m: CARLOS Garcia # 89-T-1556   S.H.U. #13

te: 8/12/15

oject: Staff Harassment

### MR. GRIFFIN;

I am once again writing to document that nobody has attempted to rectify this officer's (A. OFFICER 3-11) conduct concerning his unprofessional behavior. This officer believes that he can just deny his abuse of authority and that will be the end of it. He fails to realize that the video/audio will clearly prove him wrong. I have requested that the video/audio be preserved, and that any attempt to destroy those videos and audio tapes, is a clear indication of destroying evidence. I have written to you and to acting commissioner Anthony Annucci concerning those video/audio, and clearly requested that they be preserved as evidence.

This officer have again shut off my water, lights and had the nurse deny me my evening medication (EVENING of 8/11/15 3:00pm - 11:00pm). I do not see anybody reprimanding him for his actions, which only impress upon him that his behavior is condoned. The 3-11 shift gives out our mail and the 11-7 shift, who he now has doing the exact same thing picks up our mail. What is next, that he starts to play games with my mail? I have already made it

perfectly clear that these officers are looking for a reaction from me, so that they can retaliate by using misbehavior reports as their weapon. Thereby, utilizing the disciplinary proceeding as a tool for retaliation and harassment without impunity. If condoned by your administration, this situation will only get worse.

I have every intention of pursuing civil action for why I am in S.H.U., and have the evidence to prove my allegations. I sent you a letter, in which I explained to you that I was singled out on a false misbehavior report, because officers in A-blk became threatened that I found out about a cell phone and wanted me gone. You mr. Griffin, sent an I.G. investigator to interview me, when you refered my information to him. What came out of that interview turned out to be factual, and the I.G. investigator wrote me and told me that it was a homerun. That information led to two female officer's arrested and fired, and I kept copies of my letters to you & I.G.. I sent those letters home for my own safety, and was told by I.G. to keep my ears open for more. Well all the ones found in Honor block, I became aware as to who brought them into the facility, and what inmate is selling them. I believe that information was leaked as to what I spoke to you about in my letter, and about I.G. interviewing me. Which led to officers retaliating and assaulting me while in mechanical restraints. This incident was put

into play by C.O. Stevens who worked in A-blk with officer "T" who got arrested and fired. C.O. Snedeker was the one who leaked the information that I spoke in confidentiality with I.G. and wrote to you about. Because he was down in admin. when I came out from talking to I.G. investigator and told C.O. Stevers. On the day of the assault committed against me, officers claim I was running the phones as a justification in their misbehavior report. But I will prove how that was a lie and impossible, which they failed to realize. When I was called over by the officers, I walked to them, one of them asked me if I was providing information about cell phones and getting officers arrested. I said I have no idea what he's talking about, and he stated "I suggest you go back early for your own good". Then one name C.O. Finn stated, lets take it inside and I said let me get my stuff (shower gear, netbag), and when I turned around I was grabbed in a choke hold and fell unconscious, upon waking up, I was in mechanical restraints being taken inside. Inside they rammed me head first into the wall and cracked my head while one beat on me with his baton while on the floor C.O. Snedeker jumps on my shin and states any more information about cell phones, and at that moment I recalled that it was him that saw me come out of the room in admin. with I.G. investigator. This is why I am going through this ordeal! I will prove my claim in my civil action, for I have evidence to substantiate everything I mentioned here. cc: personal file                Respectfully Submitted, Carlos Garcia

Exhibit L

<u>ASSISTANT'S REQUEST</u>

<u>CARLOS GARCIA</u> #89-T-1556     SHu #49     <u>8/ /15</u>

＊people on phones
at the time
of incident
(unavailable)

<u>Request:</u>

1) U.I. REPORT and aNY/ALL TO-FROM memos
ATTACHED.   Use of force Report / UI unavailable
                                        Reeves

2) ALL iNJury reports concerning parties involved
in incident.

3) ALL photographs of injuries taken at clinic
                                      at hearing

√ 4) SPORTS CROSS-OVER list TAKEN ON 7/30/15 on the
West side for Baseball.

√ 5) SPORTS CROSS-OVER schedule for Baseball)
on the west side, on 7/30/15.

6) The go-around list for Evening recreation
for J-BLK. and B-BLK, On 7/30/15. Unavailable
                                      See back →

7) The names & nos.# of every inmate that was
at recreation and on the go around list. Unavailable
                                      See back ↘

To:       B&C CORRIDOR OFFICER

From:   T. Conley, RPL I

Re:      SOFTBALL LEAGUE CROSSOVER (WEST SIDE)

Date:    June 29, 2015

Please allow the players listed below to cross over from the A&B yard to the C&D yard at 6:00 PM on the West Side in the evening they are scheduled to play. **SEE ATTACHED SCHEDULE FOR GAME DATES.**

### (1 of 2)

#### Commissioners

| | | | | |
|---|---|---|---|---|
| 94A5248 | Lewin | 06A3798 | Stewart | |

#### Officials

| | | | | |
|---|---|---|---|---|
| 09A3207 | Davis | 02A6633 | Lizardi | 87A3635 | Manuel |
| 92A5791 | McLean | 02A3677 | Scrimo | 10A0440 | Tavarez |
| 12B0482 | Trombley | | | | |

#### Team P – Los Montros

| | | | | | |
|---|---|---|---|---|---|
| 08A6696 | Agustin | 98A4694 | Burgos | 11A4498 | Colon |
| 02A3212 | Compress | 09B1262 | Dozier | 99A1237 | Duran |
| 96A3878 | Espinal | 08A3719 | Fernandez | 98A0511 | Hiraldo |
| 90A4203 | Larrea | 95A5893 | Maldonado | 06A3379 | Morales |
| 02A6417 | Pena | 94A0690 | Peralta | 02A4300 | Perez |
| 08A6683 | Rodriguez | 04A3061 | Sanchez | 93A4555 | Santiago |
| 08A5610 | Santos | 07A5785 | Vega | | |

#### Team Q – Pirates

| | | | | | |
|---|---|---|---|---|---|
| 07A3091 | Abdur-Rahman | 11A1495 | Cheeks | 94A7533 | Cunningham |
| 04B0651 | Dennard | 12A0687 | Figueroa | 07A1948 | Jogie |
| 92A6467 | Kim | 98A6349 | Malak | 88A0426 | Maldonado |
| 04A1337 | Martin | 02A5722 | Morrison | 07A2252 | Mosley |
| 05A2829 | Quinones | 04A1149 | Rivera | 03A3130 | Russell |
| 98A5923 | Rodriguez | 04A6382 | Santos | 10A2136 | Schiavo |

#### Team R – Unstoppable

| | | | | | |
|---|---|---|---|---|---|
| 06A3862 | Ahmed | 97A3640 | Alexander | 11A2433 | Barcero |
| 04A1446 | Canales | 05A3286 | Collier | 08A4337 | Holmes |
| 05A4863 | Jenkins | 09A0328 | Johnson | 97A0576 | Jones |
| 87B0807 | Leon | 06A5155 | Lopez | 06A2569 | Marquez |
| 97A4236 | Krivak | 06A0397 | Nash | 04A4103 | Robles |
| 08A4859 | Small | 98A3454 | Thomas | 97A2926 | Wilson |

Approved: _Q in Calz for R. Berstall_
R. Berstell, Teacher 4/Rec. Supv.

Authorized: _Cpt MrLlly_
Captain

To:      B&C CORRIDOR OFFICER

From:    T. Conley, RPL I

Re:      SOFTBALL LEAGUE CROSSOVER (WEST SIDE)

Date:    June 29, 2015

Please allow the players listed below to cross over from the A&B yard to the C&D yard at 6:00 PM on
the West Side in the evening they are scheduled to play. SEE ATTACHED SCHEDULE FOR GAME
DATES.

### (2 of 2)

**Team S – Messhall Kings**

| | | | | | |
|---|---|---|---|---|---|
| 08A0994 | Abraham | 98A6584 | Brown | 07A3320 | Bynum |
| 07A5542 | Davis | 11A2171 | Enamorado | 07A2350 | Epps |
| 05A2667 | Familia | 07A1223 | Flower | 09A0394 | Gangar |
| 97A7482 | Harris | 12A3079 | Johnson | 10A1469 | Julio |
| 12A2432 | McCollum | 12B1879 | Morrow | 11A3352 | Praileau |
| 08A6152 | Smith | 98A6581 | Sneddon | 08A5409 | Stevenson |
| 01A3624 | Suriel | 02A6674 | Urena | 97A3814 | Wells |

Approved: _Tim Cnly, for R. Berstell_
          R. Berstell, Teacher 4/Rec. Supv.

Authorized: _Cpt. Mililie_
            Captain

To:      B&C CORRIDOR OFFICER

From:    T. Conley, RPL I

Re:      SOFTBALL LEAGUE CROSSOVER (WEST SIDE)

Date:    July 29, 2015

Please allow the players listed below to cross over from the A&B yard to the C&D yard at 6:00 PM on the West Side in the evening they are scheduled to play. **SEE ATTACHED SCHEDULE FOR GAME DATES.**

**Commissioners**

| | | | |
|---|---|---|---|
| 94A5248 | Lewin | 06A3798 | Stewart |

**Officials**

| | | | | | |
|---|---|---|---|---|---|
| 14A0044 | Babcock | 09A3207 | Davis | 87A3635 | Manuel |
| 92A5791 | McLean | 02A3677 | Scrimo | 12B0482 | Trombley |

**Team P – Los Montros**

| | | | | | |
|---|---|---|---|---|---|
| 98A4694 | Burgos | 02A3212 | Compress | 04B0651 | Dennard |
| 09B1262 | Dozier | 99A1237 | Duran | 96A3878 | Espinal |
| 10A6000 | Espinal | 08A3719 | Fernandez | 12A1956 | Gostos |
| 98A0511 | Hiraldo | 92A6467 | Kim | 90A4203 | Larrea |
| 06A3379 | Morales | 02A6417 | Pena | 94A0690 | Peralta |
| 02A4300 | Perez | 08A6683 | Rodriguez | 93A4555 | Santiago |
| 08A5610 | Santos | 07A5785 | Vega | | |

**Team R – Unstoppable**

| | | | | | |
|---|---|---|---|---|---|
| 06A3862 | Ahmed | 11A2433 | Barcero | 04A1446 | Canales |
| 05A3286 | Collier | 12A0687 | Figueroa | 08B0755 | Hartle |
| 08A4337 | Holmes | 05A4863 | Jenkins | 09A0328 | Johnson |
| 97A0576 | Jones | 02A1829 | King | 06A5155 | Lopez |
| 88A0426 | Maldonado | 06A0397 | Nash | 04A1199 | Rivera |
| 04A4103 | Robles | 98A3454 | Thomas | 97A2926 | Wilson |

**Team S – Messhall Kings**

| | | | | | |
|---|---|---|---|---|---|
| 98A6584 | Brown | 11A1495 | Cheeks | 07A5542 | Davis |
| 11A2171 | Enamorado | 07A2350 | Epps | 89T1556 | Garcia |
| 97A7482 | Harris | 12A3079 | Johnson | 98A6349 | Malak |
| 12B1879 | Morrow | 15A1544 | Nieves | 08A5265 | Polanco |
| 11A3352 | Praileau | 03A3130 | Russell | 10A2136 | Schiavo |
| 08A6152 | Smith | 98A6581 | Sneddon | 01A3624 | Suriel |
| 02A6674 | Urena | 96A3814 | Wells | | |

Approved:_____                    Authorized:_____
R. Berstell, Teacher 4/Rec. Supv.                                      Captain

8/2014

## INMATE GRIEVANCE RESOLUTION COMMITTEE
## ACKNOWLEDGEMENT OF RECEIPT

*SHU-39*

TO: _GARCIA_ DIN _89T1556_ LOC. _SHU-13_

FROM: IGRC OFFICE: Incident date: _____ Action Request: _____ Signature: ___

CODE _49_ TITLE: _HARASSMENT_

*GRIEVANCE dated 8/7 and 8/6/15*

This notice is to inform you that your grievance has been received by this office on

_8/10_. It has been given the log number GH _80746-15_.

*CONSOLIDATION -3* (4)

Your log number, DIN, and cell location must be included on any inquiry made concerning your grievance.

Upon completion of an investigation into your grievance, you will be scheduled for an IGRC hearing. According to Directive #4040 if you do not appeal for the hearing without a legitimate reason, the IGRC will hold a hearing in absentia.

If your grievance is numbered as part of a consolidated issue, you may or may not be called for a hearing. However, you will receive a copy of the grievance committee's decision, and you may appeal any decision in accordance with Directive #4040.

Directive #4040 701.3(a) *Inmate's Responsibility*. An inmate is encouraged to resolve his complaints through the guidance and counseling unit the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance. Although a facility may not impose pre-conditions for submission of a grievance, the failure of an inmate to attempt to resolve a problem on his own may result in the dismissal and closing of a grievance at an IGRC hearing.

*Notice of Return: **Please resubmit with correction requested.***

AUG 18 2015

Please be advised that your grievance received on _____, is being returned to you via callout for one or more of the following reasons. You will be placed on a callout to meet with an IGRC Inmate Representative to make any necessary corrections.

___No action request, please indicate one.     ___No incident date noted.

___No signature                                ___Non-grievable per Directive #4040

___Unable to understand handwriting.

___Other (as indicated below):

_____
_____
_____

IGP Supervisor Stanaway_____

8/2014

## INMATE GRIEVANCE RESOLUTION COMMITTEE   *SHU - 39*
## ACKNOWLEDGEMENT OF RECEIPT

TO: _____ *GARCIA* _____ DIN *89T1556* LOC. *SHU 13*

FROM: IGRC OFFICE: Incident date:_____ Action Request:____Signature:___

CODE _*49*_ TITLE: _*HARASSMENT*_
                    *8/11 - 8/12 GRIEVANCE*
This notice is to inform you that your grievance has been received by this office on

_____*8/13*____. It has been given the log number GH_____*80 446-15*____
                                              *CONSOLIDATE*
Your log number, DIN, and cell location must be included on any inquiry made concerning your grievance.

Upon completion of an investigation into your grievance, you will be scheduled for an IGRC hearing. According to Directive #4040 if you do not appeal for the hearing without a legitimate reason, the IGRC will hold a hearing in absentia.

If your grievance is numbered as part of a consolidated issue, you may or may not be called for a hearing. However, you will receive a copy of the grievance committee's decision, and you may appeal any decision in accordance with Directive #4040.

Directive #4040 701.3(a*) Inmate's Responsibility*. An inmate is encouraged to resolve his complaints through the guidance and counseling unit the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance. Although a facility may not impose pre-conditions for submission of a grievance, the failure of an inmate to attempt to resolve a problem on his own may result in the dismissal and closing of a grievance at an IGRC hearing.

*\*Notice of Return:  Please resubmit with correction requested.*

Please be advised that your grievance received on _____, is being returned to you via callout for one or more of the following reasons. You will be placed on a callout to meet with an IGRC Inmate Representative to make any necessary corrections.

____No action request, please indicate one.     ____No incident date noted.

_____No signature                              ___Non-grievable per Directive #4040

____Unable to understand handwriting.                  AUG 18 2015

____Other (as indicated below):

_____

_____

_____

                                    IGP Supervisor Stanaway_____

TO: MR. ANTHONY J. ANNUCCI;

ACTING COMMISSIONER,

FROM: MR. CARLOS GARCIA #89-T-1556

DATE: 8/25/15

RE: FORMAL COMPLAINT OF DESIGNATE

COMMISSIONER'S HEARING OFFICER.


Dear Mr. Annucci;

I am submitting this complaint against the commissioner's Hearing Officer designated to conduct my superintendent's hearing. When during the proceeding, I respectfully objected to denial of documentary evidence that I requested from my employee assistant. I provided my employee assistance a list of several requests that I need, to prepare an adequate defense and locate potential witnesses. My assistance was to write my requests down on her assistance form, but instead wrote on my request list and made it part of the hearing packet.

At the commencement of my hearing, I explained to hearing officer that I object to not receiving the requested documentary evidence from my employee assistant. He asked me what did I request and I mentioned some of the list, and asked to view the request list because I could not recall everything on the list. Being that the assistant kept my request list, and made it a

part of the record. I should be entitled to a copy of it, but hearing officer refuses to acknowledge my request. I again ask can = receive a copy since it is made a part of the record, and Hearing Officer refuses to answer my Question. How am I suppose to present a defense when I am denied documentary evidence, and have a hearing officer who refuses to dialogue or answer questions pertaining to the hearing? He refuses to read the request list on the record, as well as the assistant's attached notes pertaining to each request.

I am in S.H.U. and unable to locate any witnesses, because I was denied the go-around list that were requested. Every documentary evidence that I requested to substantiate my claim was not turned over, and Hearing officer refuses to furnish me any documents. He does not even answer me when I request them to him.

Therefore, I am being precluded from presenting any defense beyond my own word and being placed at a disadvantage when he is turning my hearing into a credibility issue for he himself to determine. I have a constitutional right to substantive assistant and documentary evidence to prepare a defense.

Hearing Officer's tactics are arbitrary and

Capricious, when a hearing officer has an obligation to be fair and impartial. How can that be possible when he refuses to speak to me, even when a question is asked for clarification? Hearing officer has displayed a blatant snobbish and bias attitude when no real testimony has even begun. I am asking for an investigation pertaining to his behavior as a hearing officer, who have shown that he totally lacks the concept of being fair and impartial as he is mandated to be during a hearing.

Thank you for your time in this matter! Please advise me as to the aforementioned at your earliest convenience.

Respectfully Submitted,

CC: Personal files
Prisoners legal services

Carlos Garcia

Manufactured by
JULIUS BLUMBERG, INC.
NYC 10013



**NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

**TO:**       C. Garcia, 89T1556      SHU-39

**FROM:**     Lieutenant R. Deacon

**SUBJECT:**  **Staff Conduct**

**DATE:**     August 26, 2015

I am responding to your letter, dated August 5, 2015, on behalf of Superintendent Griffin.

I have investigated your written complaint regarding your claims of staff harassment. During my interview with you, you had nothing further to add, nor were you able to provide me with any witnesses that could help support your allegations of harassment on the part of staff.

I have spoken with and received written statements from all staff named in your complaint. Sergeant Howard, along with Officers Cruz, Edge and Faia have gone on record denying your allegations of unprofessional conduct.

Pending pertinent evidence to support your allegations against staff, I am unable to substantiate your claims; therefore, I consider this matter addressed and closed at this time.

Lieutenant R. Deacon

RD/mad
cc:     Supt. Griffin
        DSS Wilkins
        File #13



**NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

**TO:**       C. Garcia, 89T1556       SHU-39

**FROM:**   Lieutenant F. Norton

**SUBJECT:   Staff Complaint**

**DATE:**     August 27, 2015

I am responding to your letter, concerning the above mentioned subject, on behalf of Superintendent Griffin.

You were interviewed by me on August 13, 2015 in SHU concerning your written complaint.  At that time you affirmed your allegations that the officer who you claim was harassing you was Officer Fulton.  I have spoken with and received a written statement from the officer and he has gone on record denying all allegations in your written complaint.   In regards to your allegations of staff pouring water into your cell, I inspected your cell and the catwalk visually looking for gaps or holes from the catwalk and determined there were no such areas that would allow anyone to "pour" water into your cell.  However, a work order was submitted for an observed leak from the water mechanism.  As a precautionary measure due to such, you were moved to cell #39.

Based on the above stated information, I can find no evidence to substantiate your allegations against staff.  If any issue should arise in the future, I suggest you contact the Area Supervisor so the issue can be addressed at that time.

Lieutenant F. Norton

FN/mad
cc:     Supt. Griffin
         DSS Wilkins
         fi'e #13

```
UNS571      STATE OF N. Y. - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
08/13/15                          USE OF FORCE REPORT
13:00:40              GREEN HAVEN GENERAL                        UF LOG NO. ████
                 INCIDENT DATE 07/30/15  TIME 07:47PM            UI CCC NO.
GEN LOC. ████ YARD      . SPEC LOC. ████      A&B BLOCK YAR CB LOG NO.
============================================================================
 OFFENDER              DIN/NYSID ETHNIC ROLE
 GARCIA, CARLOS        89T1556   HSP     PERP
============================================================================
 STAFF INVOLVED         TITLE    FORCE1     FORCE2     FORCE3      DEGREE

 FINN, A████            CO       BODY HOLD

 PASTILHA, A████    . CO         BODY HOLD  MECH RESTR
============================================================================
DESCRIBE EVENTS LEADING UP TO THE APPLICATION OF FORCE:
OFFICERS FINN, AND PASTILHA REPORTED TO SERGEANT SCICCHITANO, THAT WHILE
THEY WERE PERFORMING THEIR DUTIES IN A&B YARD, THEY OBSERVED INMATE GARCIA,
89T1556 CONTROLLING THE PHONES; HE WAS TELLING THE OTHER INMATES WHEN THEY
CAN GET ON THE PHONE. THE OFFICERS APPROACHED INMATE GARCIA AND ATTEMPTED
TO QUESTION HIM ABOUT WHAT THEY HAD OBSERVED. THE INMATE WAS UNCOOPERATIVE
AND STARTED TO WALK AWAY FROM THEM.  OFFICER PASTILHA ORDERED THE INMATE TO
STOP.  THE INMATE BECAME LOUD AND DISRUPTIVE AND STARTED TO ATTRACT THE
ATTENTION OF THE OTHER INMATES IN THE YARD. HE WAS THEN ORDERED TO TAKE IT
INTO B&C CORRIDOR IN AN ATTEMPT TO DE-ESCALATE THE SITUATION. THE INMATE
STATED THAT HE WASN'T GOING TO GO INSIDE PEACEFULLY AND TURNED TOWARD
OFFICER PASTILHA SQUARING OFF IN AN AGRESSIVE MANNER WITH CLOSED FISTS.
============================================================================
DESCRIBE ACTUAL FORCE USED:
OFFICER FINN, BELIEVING THAT THE INMATE WAS ABOUT TO ASSAULT OFFICER
PASTILHA, WRAPPED HIS RIGHT ARM AROUND THE INMATE'S UPPER TORSO AND
STEPPED BEHIND HIM WITH HIS RIGHT LEG AND FORCEFULLY TOOK HIM TO THE
GROUND, LANDING ON TOP OF THE INMATE.  AS THE INMATE CONTINUED TO
VIOLENTLY STRUGGLE, OFICER FINN HELD THE INMATE ON THE GROUND AS OFFICER
PASTILHA APPLIED MECHANICAL RESTRAINTS. OFFICER PASTILHA USING HIS RIGHT
HAND, TOOK HOLD OF THE INMATE'S RIGHT WRIST AND FORCED HIS HAND TO THE
SMALL OF HIS BACK AND PLACED IT IN MECHANICAL RESTRAINTS.  THEN WITH HIS
LEFT HAND TOOK HOLD OF THE INMATE'S LEFT WRIST AND FORCED THAT HAND TO
THE SMALL OF HIS BACK AND PLACED IT IN MECHANICAL RESTRAINTS.
============================================================================
```

```
UNS571      STATE OF N.Y. - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
08/13/15                    USE OF FORCE REPORT
15:00:40                  GREEN HAVEN GENERAL              UF LOG NO.
                   INCIDENT DATE 07/30/15  TIME 07:47PM    UI CCC NO.
GEN LOC.     YARD       SPEC LOC.          A&B BLOCK YAR CB LOG NO.
=================================================================================
OFFENDER                 DIN/NYSID ETHNIC ROLE
GARCIA, CARLOS           89T1556   HSP    FERP
=================================================================================
EXAMINERS NAME              TITLE            EXAM DATE   TIME
Y. NICHOLS                 NURSE            07/30/15  08:05PM

PART B - PHYSICAL EXAMINATION/TREATMENT REPORT:
GARCIA, 89T1556: INMATE FOUND ON FLOOR, COMPLAINED OF CHEST PAIN, ABLE TO
STAND AND TAKE STEPS TO WHEELCHAIR; INMATE COMPLAINED OF TROUBLE BREATHING;
VITALS TAKEN. NOTED BLOOD ON FOREHEAD AND NOSE; FACE CLEANSED WITH SOAP AND
WATER; LACERATION ON RIGHT FOREHEAD APPROX. 2.5 CM LONG; REDENNED AREA ON
RIGHT SHOULDER; ABRASION ON RIGHT ELBOW 0.5 CM X 0.5 CM.  INMATE ABLE TO
STAND AND MOVE ALL EXTREMITIES.




=================================================================================
SUPERVISOR REVIEW:
WAS INCIDENT VIDEOTAPED? NO
WERE USE OF FORCE PHOTOS TAKEN? YES UOF PROTOCALL
WERE USE OF FORCE PHOTOS REVIEWED? YES
WAS STAFF MEMBER INJURED? NO
WAS STAFF SEEN BY MEDICAL? YES UOF PROTOCALL
WAS OFFENDER INJURED? YES
WAS OFFENDER SEEN BY MEDICAL? YES UOF PROTOCALL
WAS THE UF MEMO COMPLETED? YES
WAS THE OFFENDER RETURNED TO THE CELL? NO  TRANSFERED TO: FACILITY HOSPITAL
REPORTED BY: SGT   SCICCHITANO                            DATE: 07/30/15
REVIEWED BY: LT    NORTONN                                DATE: 07/30/15
=================================================================================
REVIEW AND EVALUATION BY SUPERINTENDENT:
THE FORCE AS DESCRIBED WAS APPROPRIATE TO PREVENT INJURY TO A FELLOW
OFFICER. MINIMAL FORCE WAS USED AFTER THE INMATE SQUARED OFF IN AN
AGRESSIVE MANNER WITH CLOSED FISTS TOWARD OFFICER PASTILHA.




=================================================================================

SPT THOMAS GRIFFIN                                    08/13/15
SUPERINTENDENT                                          DATE
                                                             PAGE 2
```

Form 2104

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
USE OF FORCE REPORT

There are ☑ other reports filed under this Use of Force Log #

Ref. Directive # 4944, 4004

| FACILITY | Green Haven C. F. | Incident Date: | 7/30/2015 | Facility Use of Force Log # | |
|---|---|---|---|---|---|
| Incident Location | A/B Yard | Incident Time: | 7:47 PM | If Unusual Incident, CCC Log # | |

## PART A - REPORT OF INCIDENT

| INMATE INVOLVED | Name | | DIN | Cell/Cube Location | Role Code | 01 Bystander<br>02 Participant<br>03 Perpetrator<br>04 Suspect<br>05 Victim<br>06 Witness |
|---|---|---|---|---|---|---|
| | Garcia,Carlos | | 89T1556 | B4-172 | 03 | |

| STAFF INVOLVED | Name | Title |
|---|---|---|
| 1. | Finn | Correction Officer |
| 2. | Pastilha | Correction Officer |
| 3. | | |
| 4. | | |

Officers Finn and Pastilha reported to me that while performing their duties in A/B yard they observed inmate Garcia controlling the phones. He was telling other inmates when they can get on the phone. They approached inmate Garcia and attempted to question him about what they had observed. Inmate was uncooperative and started to walk away from them. Officer Pastilha ordered him to stop. Inmate became loud and disruptive and started to attract the attention of the other inmates in the yard. He was then ordered to take it into the B and C corridor in an attempt to deescalate the situation. Inmate stated that he wasn't going to go inside peacefully and turned toward Officer Pastilha squaring off in an aggressive manner with closed fists.

| Type of Force Used | 02<br>04 | 01 Baton<br>02 Body Hold | 03 Chemical Agents<br>04 Mechanical Restraints | 05 Use of Firearms<br>06 Shield | 07 Strike<br>99 Other |
|---|---|---|---|---|---|

DESCRIBE THE ACTUAL FORCE USED  (If chemical agents are used, indicate who authorized use. If inmate is injured, attach photographs.)

Officer Finn believing that the inmate was about to assault Officer Pastilha wrapped his right arm around inmates upper torso and stepped behind him with his right leg and forcefully took him to the ground landing on top of the inmate. As the inmate continued to violently struggle Officer Finn held the inmate on the ground as Officer Pastilha applied mechanical restraints. Officer Pastilha using his right hand took hold of inmates right wrist and forced his hand to the small of his back and placed it in mechanical restraints. Then with his left hand took hold of inmates left wrist and forced that hand to the small of his back and placed it in mechanical restraints

| D. Scicchitano | | SGT | 07/30/15 |
|---|---|---|---|
| Name | Signature | Title | Date |

Dist: Original - Superintendent       Copy - Guidance unit file(s) of inmate(s) involved

FORM 2104.1 (3/93)

Ref. Directives #4944, 4004

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
USE OF FORCE REPORT (CONT'D)

There are _0_ other reports filed under this Use of Force Log #

FACILITY: G H CF

Date & Time of incident: 7/30/15   750 pm

Facility Use of Force Log #: [redacted]

INMATE NAME: Garcia, C

DIN: 89T1556

If Unusual Incident, CCC Log #

## PART B - PHYSICAL EXAMINATION / TREATMENT REPORT

EXAMINER'S NAME AND TITLE: Yvetane Nicolas P.J

Date & Time of Examination: 7/30/15   805 pm

MEDICAL REPORT (INDICATE DATE & TIME OF EXAMINATION, DESCRIBE EXTENT OF ANY INJURIES, AND DESCRIBE TREATMENT PROVIDED)

Use of force exam assessment inmate found on the floor c/o of chest pain, able to stand take couple steps to w/chair. Inmate complain of trouble breathing Pulse OX 100% R Air, B/p 124/83 Noted blood in forehead and nose, Face cleansed with soap and water #1. Lacerations on Right forehead approximately 2.5 cm Long. #2 Redden area on Right Shoulder and #3 abrasion on Right Elbow 0.5cm x 0.5cm. Inmate able to stand and move all extremities, MD called

EXAMINER'S SIGNATURE AND DATE

Order obtained to place inmate in IPC. [signature] 7/30/15

## PART C - REVIEW AND EVALUATION BY SUPERINTENDENT

SUPERINTENDENT'S SIGNATURE AND DATE: [signature] 7/30/15

Dist: Original - Superintendent      Copy - Guidance Unit file(s) of inmate(s) involved

FORM 2104.1ADD (3/11)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
USE OF FORCE REPORT - PART B - ADDENDUM

Ref. Directives #4944, 4004

| FACILITY | Date & Time of Incident, | | Facility Use of Force Log # |
|---|---|---|---|
| G+cF | 7/30/15 | 7⁵⁰ Pm | |

| INMATE NAME | DIN | Cell Location |
|---|---|---|
| Garcia. C | 89 T 1556 | B 172 |

## PHYSICAL EXAMINATION/TREATMENT - DETAIL

| EXAMINER'S NAME AND TITLE | Date & Time of Examination | |
|---|---|---|
| Yvetane Nicolas Rn | 7/30/15 | 8 05 Pm |

FRONT  F 1 Laceration     BACK

#2 Reddened Red

#3 Abrasion

OD (Right)

OS (Left)

use of force exam assessment inmate found
on the floor c/o of chest pain, able to stand
take couple steps to w/chair. Inmate c/o
of trouble breathing. Pulse OX 100% R air
B/p 124/83. Noted blood in forehead and nose.
Faced cleansed with soap and water. #1 lacera-
tion on Right forehead approximately 2.5 cm
Long. #2 Redden area on Right shoulder
and #3 abrasion on Right elbow 0.5 cm x 0.5 cm.
Inmate able to stand and move all extremeties
without any complain. MD called order obtained
to place inmate in IPC.

| EXAMINER'S SIGNATURE AND DATE | |
|---|---|
| | 7/30/15 |

Dist:  Original - Superintendent        Copy - Medical record file of inmate involved



NEW YORK STATE | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

**TO:**  Lt Norton

**FROM:**  D. Scicchitano, Sergeant

**SUBJECT:**  use of force ▮▮▮▮▮

**DATE:**  07-30-15

Sir, be advised, on 07-30-15 at approximately 7:50 pm, I responded to A/B yard. When I arrived I observed Officers Finn and Pastilha with inmate Garcia, C DIN 89T1556 B-4-172, who was in mechanical restraints being escorted out of yard into B/C corridor. Once inside corridor I directed responding officers to take control of inmate. Officer Finn informed me he had used force on the inmate Garcia when he believed the inmate was about to assault Officer Pastilha. Officer Pastilha also informed me he aided Officer Finn in controlling inmate by forcefully applying mechanical restraints on inmate while he was on the ground.

Officers Finn and Pastilha reported to me that while performing their duties in A/B yard they observed inmate Garcia controlling the phones. He was telling other inmates when they can get on the phone. They approached inmate Garcia and attempted to question him about what they had observed. Inmate was uncooperative and started to walk away from them. Officer Pastilha ordered him to stop. Inmate became loud and disruptive and started to attract the attention of the other inmates in the yard. He was then ordered to take it into the B and C corridor in an attempt to deescalate the situation. Inmate stated that he wasn't going to go inside peacefully and turned toward Officer Pastilha squaring off in an aggressive manner with closed fists. Officer Finn believing that the inmate was about to assault Officer Pastilha wrapped his right arm around inmates upper torso and stepped behind him with his right leg and forcefully took him to the ground landing on top of the inmate. As the inmate continued to violently struggle Officer Finn held the inmate on the ground as Officer Pastilha applied mechanical restraints. Officer Pastilha using his right hand took hold of inmates right wrist and forced his hand to the small of his back and placed it in mechanical restraints. Then with his left hand took hold of inmates left wrist and forced that hand to the small of his back and placed it in mechanical restraints. They then aided the inmate to his feet and while escorting inmate out of the yard into B and C corridor inmate was threatening the officers saying that eventually his cuffs will come off and he will get them. Once in B and C corridor responding officers took control of inmate.

Officer Finn and Pastilha were sent to facility clinic to be examined. ▮▮▮▮▮▮▮

Inmate was escorted to medical for evaluation by Officers Mercer and Crowe. Photos were taken of inmate by CO Fogg. Medical reports indicate inmate has a laceration approximately one inch long on his right forehead area. He also has redness on the right shoulder and small abrasion .05cm X .05cm in size on right elbow. Inmate refused to provide a statement to medical staff about incident.

Inmate was placed on SHU status in hospital second floor ISO A for further observation to be released to SHU upon discharge from hospital. I believe all force was justified and necessary and most likely prevented a serious assault.

Respectfully Submitted

Sgt. D. Scicchitano



NEW YORK STATE | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

TO:      Sgt Scicchitano

FROM:    CO Pastilha

SUBJECT: Use of force

DATE:    07-30-15

Sir,

On 7-30-15 at approximately 7:47pm while on duty at A/B yard I observed inmate Garcia, C. DIN 89T1556 running the yard phones. I approached inmate Garcia and asked him about running the phones. Immediately inmate Garcia became loud and belligerent, attracting the attention of other inmates in the yard and began to walk away from us. I ordered him to stop and to take it into B/C corridor. Inmate Garcia stopped turned around and said "I'm not going to go inside peacefully." Inmate Garcia proceeded to square off toward me in a threatening manner with closed fists. Officer Finn used force on the inmate and took him to the ground to gain control of inmate. As inmate Garcia continued to struggle, using my right hand I took hold of inmate's right wrist and forced his hand to the small of his back and placed it in mechanical restraints. I then with my left hand took hold of the inmates left wrist and forced his hand to the small of his back and placed his left hand in mechanical restraints. We then aided inmate to his feet and escorted him to B and C corridor. Upon entering B and C corridor we were relieved by responding officers who took control of inmate.

Respectfully Submitted,

C.O. A. Pastilha



**NEW YORK STATE**

## Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

To: Sgt. Scicchitano

From: C.O. A. Finn

Subject: Use of force

Date: 07/30/2015

On the above date at approximately time of 7:47pm while making rounds in A&B yard C.O. Pastilha and I observed inmate Garcia Din # 89T1556 telling unidentified inmates when they can get on the phones. We approached Inmate Garcia and attempted to question him about what we observed. Inmate Garcia immediately became uncooperative and attempted to walk away from us. C.O. Pastilha ordered the inmate to stop. Inmate Garcia stopped and began to get very loud and began to attract the attention of the approximate 137 inmates in the yard. I ordered inmate Garcia to take it to B&C corridor in an attempt to deescalate the situation. Inmate Garcia stated he wasn't going to go inside and began walking away from us towards the basketball court. I then gave Inmate Garcia another direct order to take it to the corridor at which point he said he won't go peacefully and turned quickly and aggressively towards C.O. Pastilha with closed fists. It appeared to me that the inmate was going to assault officer Pastilha. I then wrapped my right arm around his upper torso and stepped behind him with my right leg and took him forcefully to the ground landing on top of him. The inmate continued to struggle as I held him down giving him direct orders to stop resisting. C.O. Pastilha then placed the inmate in mechanical restraints while I continued to hold the inmate down. We then aided the inmate to his feet and escorted him to the corridor before other inmates could possibly get involved. We were then relieved by responding staff.

Respectfully Submitted,

C.O. A. Finn

STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES
## INMATE INJURY REPORT

| Facility | Date of Injury | Time of Injury | Location Injury Occurred |
|---|---|---|---|

Housing Location

Description of how injury occurred:

Inmate's Signature                                          Date

Witness(es)

Reporting Employee's Name

---

### FACILITY HEALTH SERVICE REPORT

| Date injury reported: | Time:   AM/PM | Description of injury: |
|---|---|---|

#1 Laceration approximately 2.5 cm
long on the Right forehead. #2 Reddened
Right shoulder. #3 Right elbow abrasion approxi-
mately 0.5 cm x 0.5cm.



FRONT  #1

BACK

#2

#3

OD (Right)

OS (Left)

| Date of medical examination: | Time: |
|---|---|

Service Provided:
face cleansed with soap and water. assessment
done and cleared. Inmate placed in APC
as per MD. to be on watch.

V. Mc Fasen        RN

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES

GREEN HAVEN CORRECTIONAL FACILITY

MEMORANDUM

TO: Sgt Scicchitano

From: C.O H. Merced

Subject: Inmate Escort _Garcia, C_ Din # _89T/556_

Date: 7/30/15

On the above date and approximately _8_ :_05_ (am/pm), I escorted Inmate _Garcia_, Din# _89T/556_ to _Facility Clinic_ From _B/c Corridor_ (without/with) incident. The escort was completed at _8_ :_08_ (am/pm). Supervising this escort was _Sgt Scicchitano_.

Respectfully submitted,

C.O H. Merced

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES

# GREEN HAVEN CORRECTIONAL FACILITY

MEMORANDUM

TO: Sgt. Scrachitano

From: CO Crowe

Subject: Inmate Escort _Garcia, E_ Din # _89T1556_

Date: 7/30/15


On the above date and approximately _8_ : _05_ (am/(pm)) I escorted Inmate _Garcia_, Din# _89T1556_ to _facility Chiarc_ From _G/C Corridor_ (without/with) incident. The escort was completed at _8_ : _8_ (am/(pm)). Supervising this escort was _Sgt. Scrachitano_.

Respectfully submitted,

_____

```
08/01/15        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   1
DCP004                SUPERINTENDENT  HEARING DISPOSITION RENDERED
```

                GRN HAVN GEN                         TAPE NUMBER _____

DIN: 89T1556 NAME: GARCIA, CARLOS                        LOCATION: SH-UU-049

INCIDENT DATE & TIME:       07/30/15   07:47 PM    TIER 3

REVIEW DATE:                07/30/15          BY:  LT   WILSON, C S

DELIVERY DATE & TIME:       08/01/15   07:32 AM  BY:  CO   REEVES, N Y

HEARING START DATE & TIME: _____ __:__ BY: _____

HEARING END DATE & TIME:  _____ __:__ BY: _____
WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y / N
DOES THIS MISCONDUCT MEET THE CRITERIA FOR WORKPLACE VIOLENCE?  Y / N
CHARGE
NUMBER      DESCRIPTION OF CHARGES              REPORTED BY           DISPOSITION

104.13   CREATING A DISTURBANCE           CO   FINN, A
------   ------------------------------  ----  ------------------------   --

100.11   ASSAULT ON STAFF
------   ------------------------------

106.10   REFUSING DIRECT ORDER
------   ------------------------------

102.10   THREATS
------   ------------------------------

109.12   MOVEMENT REGULATION VIOLATION
------   ------------------------------

121.12   PHONE PROGRAM VIOLATION
------   ------------------------------


ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . ¢¢ |
|---|---|---|---|---|---|---|---|
| 1800 | SHU | 180 | 02/14 | | | | |
| 1800 | Packag.. | 1 | | | | | |
| 1000 | commis.. | 1 | | | | | |
| 6000 | Phone | 1 | 1 | 1 | | | |
| 4000 | Gall.. | 180 | | | | | |
| | | | | | | | |
| | | | | | | | |

DIN: 89T1556 NAME: GARCIA, CARLOS                    HEARING DATE: *09/17/15*

A. STATEMENT OF EVIDENCE RELIED UPON:
-------------------------------------

1) Misbehavior report of officer Finn *stating* inmate
was ... ... ... in B+C corridor and refused and turned with closed fist
and force was used to restrain him

... ... ... ... ...

2) Testimony of inmate Hicks stating ... ... ... attack officer
Unidentified ... ... self ... ... *stating*
inmate ... ... ...

3) ... inmate *staff* ... stating I ... retaliated against
... ...

B. REASONS FOR DISPOSITION: and also due to providing information to investigat
---------------------------    Keyser ... he was ...

... ... shows that inmate Garcia ...
... in threatening ... ...
... ...
...

C. SPECIAL INSTRUCTION ON CORRESPONDENCE RESTRICTIONS AND REFERRALS


D. SUPPLEMENTAL DATA ENTRY:
----------------------------

    1. WAS INMATE FOUND GUILTY OF ASSAULT? (100.10, 100.11, OR 100.12)  YES ___ NO _✓_

    FOR THE FOLLOWING, USE CODES FROM UI REPORTING SYSTEM (DIR. #4004):

    2. DID INMATE USE A WEAPON? YES ___ NO ___   IF YES, TYPE USED _____

    3. DID INMATE CAUSE INJURY?  YES ___ NO _✓_   IF YES, DEGREE CODE _____

Case 7:18-cv-08761-KMK  Document 2  Filed 09/24/18  Page 82 of 170

DIN: 89T1556 NAME: GARCIA, CARLOS                    HEARING DATE: 09/17/15

SUPERINTENDENT HEARING DISPOSITION RENDERED

| CHARGE | DESCRIPTION OF CHARGE | 5 YEAR PRIORS | 10 YEAR PRIORS |
|--------|----------------------|---------------|----------------|
| 104.13 | CREATING A DISTURBANCE | 2 | 2 |
| 100.11 | ASSAULT ON STAFF | 0 | 1 |
| 106.10 | REFUSING DIRECT ORDER | 3 | 7 |
| 102.10 | THREATS | 1 | 1 |
| 109.12 | MOVEMENT REGULATION VIOLATION | 0 | 2 |
| 121.12 | PHONE PROGRAM VIOLATION | 0 | 0 |

AT THE TIME OF THE HEARING, WAS THIS INMATE HOUSED IN A SHU CELL:  ✓ YES  ___ NO
--------------------------------------------------------------------------------
    ✓  THE SANCTIONS IMPOSED ARE WITHIN THE PUBLISHED GUIDLINES

                              OR

    ___  I HAVE IMPOSED SANCTIONS THAT HAVE DEPARTED UPWARD FROM THE PUBLISHED
         GUIDLINES, FOR THE FOLLOWING REASON(S):

             ____ OVERALL CLIMATE OF FACILITY
             ____ SEVERITY OF OFFENSE
             ____ LOCATION OF OFFENSE
             ____ MANNER  OFFENSE WAS COMMITED
             ____ RISK TO SECURITY
             ____ RISK TO PERSONAL SAFETY
             ____ PROPERTY DAMAGE - RESTITUTION
             ____ DISCIPLINARY HISTORY
             ____ OTHER - EXPLAIN: _____
                   _____
                   _____

    I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED:  09/17/15

    _____      _____      _____7/15  4:30 PM
    HEARING OFFICER SIGNATURE   INMATE SIGNATURE     DATE & TIME RECEIVED

    YOU ARE HEREBY NOTIFIED OF THE FOLLOWING APPEAL PROCEDURES:

___  FOR TIER II HEARING - APPEAL TO SUPERINTENDENT WITHIN 72 HOURS
     ------------------------------------------
 ✓   FOR TIER III HEARING - APPEAL TO COMMISSIONER WITHIN 30 DAYS
     ------------------------------------------


***SUCCESSFUL PRINT COMPLETION***

FORM 2176 (07/02)

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**

## <u>WITNESS INTERVIEW NOTICE</u> (For Superintendent's & Disciplinary Hearings)

_Green Haven_ Correctional Facility

_Garcia, Carlos_ _89T1556_
**Inmate Name (Print)**        DIN#

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference:  Directive #4932, Sections 253.5 and 254.5.

_Sgt. Giordano_
**Requested witness:**
     ☑ Permission to call the requested witness is denied.
     ☐ Requested witness will testify outside inmate's presence.
     ☐ Inmate is not permitted to review requested witness's testimony.

Date: 09/17/15   Explanation: _Inmate requested witness to testify regarding his assistance which is not relevant and denied._

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_Inv. Keyser_
**Requested witness:**
     ☑ Permission to call the requested witness is denied.
     ☐ Requested witness will testify outside inmate's presence.
     ☐ Inmate is not permitted to review requested witness's testimony.

Date: 09/17/15   Explanation: _Inmate requested witness to testify regarding his cooperation in a Bin-soft incident which was investigated which is not relevant and therefore denied._

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_C. Bedard_
**Requested witness:**
     ☑ Permission to call the requested witness is denied.
     ☐ Requested witness will testify outside inmate's presence.
     ☐ Inmate is not permitted to review requested witness's testimony.

Date: 09/17/15   Explanation: _Inmate requested witness to testify regarding the review prior hearing which is not relevant and denied._

**Signature** _Eric Gutwein_     _Arnold Joseph_    _89T1556_   _09/17/15_
         Hearing Officer         Inmate         DIN     Date Received

Distribution:  Original - Hearing Record   Copy - Inmate

FORM 2176 (07/02)
STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## WITNESS INTERVIEW NOTICE (For Superintendent's & Disciplinary Hearings)

_Green Haven_ Correctional Facility

_Garcia, Carlos_          _89T1556_
**Inmate Name (Print)**          DIN#

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference:  Directive #4932, Sections 253.5 and 254.5.

_Unusual Incident Report_   ☑ Permission to call the requested witness is denied.
**Requested witness:**             ☐ Requested witness will testify outside inmate's presence.
                           ☐ Inmate is not permitted to review requested witness's testimony.

Date: _09/17/15_ Explanation: _Inmate requested production of the unusual incident report which does not exist and therefore denied._

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_Sports Crossover list_     ☑ Permission to call the requested witness is denied.
**Requested witness:**             ☐ Requested witness will testify outside inmate's presence.
                           ☐ Inmate is not permitted to review requested witness's testimony.

Date: _09/17/15_ Explanation: _Inmate requested the sports crossover list which is not available and therefore denied._

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_Adjitional Inmate witnesses_  ☑ Permission to call the requested witness is denied.
**Requested witness:**             ☐ Requested witness will testify outside inmate's presence.
                           ☐ Inmate is not permitted to review requested witness's testimony.

Date: _09/17/15_ Explanation: _Inmate requested witnesses who were in the yard and on the phones that day that subsequently proved listThe were not previously interviewed but also failed to state how they would be relevant._

**Signature** _Eric Button CHO_          _Unavailable_          _89T 556_   _09/17/15_
           Hearing Officer          Inmate          DIN   Date Received

Distribution:  Original - Hearing Record   Copy - Inmate

FORM 2176 (07/02)

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**

## WITNESS INTERVIEW NOTICE (For Superintendent's & Disciplinary Hearings)

_Green Haven_ Correctional Facility

_Garcia, Carlos_ _897,556._
**Inmate Name (Print)** DIN#

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference: Directive #4932, Sections 253.5 and 254.5.

_Other Inmates Phone List_
**Requested witness:**
☒ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _09/17/15_ Explanation: _Inmate requested production of the calls made by other inmate which he is not allowed and therefore denied_

_____

**********************************************************************************

**Requested witness:**
☐ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _____ Explanation: _____

**********************************************************************************

**Requested witness:**
☐ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _____ Explanation: _____

**Signature** _E. Butler  C.O._ _Unable to sign_ _897,556_ _09/17/15_
Hearing Officer           Inmate            DIN       Date Received

Distribution: Original - Hearing Record   Copy - Inmate

FORM 2176 (07/02)

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**

## WITNESS INTERVIEW NOTICE (For Superintendent's & Disciplinary Hearings)

_Greenhaven_ _____ Correctional Facility

_Garcia, Carlos_ _____ _89T1556_
**Inmate Name (Print)**                    DIN#

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference: Directive #4932, Sections 253.5 and 254.5.

_Hicks_ _____
**Requested witness:**

☐ Permission to call the requested witness is denied.
☑ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _09/17/15_  Explanation: _Witness testified by speakerphone outside the inmates presence inmate was allowed to question witness but refused to do so and was able to question witness_

*********************************************************************************

_Supt. Griffin_ _____
**Requested witness:**

☑ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _09/17/15_  Explanation: _Inmate requested witness regarding a letter written after the incident which is not relevant and denied_

*********************************************************************************

_Medical staff_ _____
**Requested witness:**

☑ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _09/17/15_  Explanation: _Inmate requested witness regarding his eyesight which is not relevant to the incident and therefore denied_

Signature _Eric Gutwein, CHO_  _Unable to sign_  _89T1556_  _09/17/15_
          **Hearing Officer**        **Inmate**        **DIN**  **Date Received**

Distribution: Original - Hearing Record   Copy - Inmate

TO: F.O.I.L. Officer
FROM: CARLOS Garcia # 89-T-1556   SHU #39
DATE: 9/24/15
RE: Hearing packet


　　　　　Dear Sir/Madam;


　　　　I am submitting this F.O.I.L. Request for
my entire hearing packet documents and photos.
As well as Hearing tape of the Hearing for
review.
　　　　　Hearing tape No.# T3-15-0307
　　　　　Hearing held on Sept 17, 2015


　　　Thank You FOR YOUR TIME IN THIS matter!


　　　　　　　　　　　　Respectfully Submitted,
cc: personal file:　　　　Carlos Garcia

CARLOS GARCIA, #89T-1556

GREEN HAVEN CORR. FAC.

P.O. BOX 4000

STORMVILLE, N.Y. 12582

TO: F.O.I.L. Officer,                    Sept. 24, 2015

GREEN HAVEN CORR. FAC.

RE: FREEDOM OF INFORMATION REQUEST

Dear Sir/Madam,

Please accept this letter as a request for information pursuant to Public Officer's Law §§ 84 et seq. I respectfully request of you copies of photos believed to be in the possession of your agency:

PHOTOS WERE taken ON 7/30/15 as PART OF "USE OF FORCE" INCIDENT, AND UTILIZED AT DISCIPLINARY HEARING.

If any of the photos stated above are denied, Please list the specific exemptions being cited to withhold information from public disclosure.

ENclosed is disbursement to cover cost of request. I expect and appreciate a timely response as required by law.

If there are any questions regarding request,          Respectfully submitted

Please contact me.                                       Carlos Garcia

CC: Personal File:

1 OF 2
CARLOS GARCIA #89-T-1556
9/28/15

TO: MRS. STANAWAY I.G.R.C. SUPERVISOR;
FROM: CARLOS GARCIA #89-T-1556
DATE: 9/28/15
RE: GRIEVANCE STATUS

Dear Mrs. Stanaway;

I am writing to inquire on the status of two grievances that I submitted to the grievance office, for which I have yet to receive a log No.# on either one.

The first one, was submitted on August 3rd, 2015, and it pertained to an "assault by staff" against my person.

The second grievance was submitted on August 4, 2015, and it pertained to denial of adequate medical attention.

It is going on two (2) months, and I have yet to receive a response from your office. As the grievance officer (supervisor) of this facility, I am requesting that you please advise me as to the status and log no.# of my complaints.

I am submitting a complaint to Albany addressed to MRS Karen Bellamy along with a copy of this letter, to safeguard my grievance complaint. Because it seems that the grievance office here at green haven corr. Fac., has a habit of not answering grievances when they pertain to

CARLOS GARCia #89-7-1556
9/28/15

assault by Correction officers.

I am Sending copies of the two grievances mentioned above to Mrs. Karen Bellamy and to the Acting Commissioner Mr. Anthony Annucci, Which Shows that the grievance office under your watch is a joke. My complaint to the Commissioner and Director of Inmate Grievance, will demonstrate in my civil action the underhanded tactics displayed at this facility, to cover-up staff misconduct.

I am requesting a prompt response to advise me as to the aforementioned status and log No# of my Two (2) grievance. IT Should not take 2 months to receive that on a grievance complaint.

Thank you for your time in this matter!

Respectfully Submitted,
Carlos Garcia

cc: Personal file;
  Karen Bellamy
  Director of Inmate Grievance
  Anthony Annucci
  Acting Commissioner of D.O.C.C.S.

(2)



**NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

# MEMORANDUM

To:        Garcia, Carlos    89T1556  SHU-39

From:      IGP Supervisor Stanaway

Subject:   Status of Grievances

Date:      October 5, 2015

---

This is in response to you letter dated 9/28/15.  Attached is a listing of your complaints that have been received by the IGRC and logged.  Those complaints were received related to an alleged assault  and continued harassment which were consolidated under Grievance #GH80446-15.  This was logged 8/18/15.  The IGRC clerks sent out receipts to you and it is noted that they are consolidated.  This complaint is currently pending a Superintendent response as it is coded as a staff misconduct grievance.

Your grievance dated:
8/3/15
8/4/15
8/6/15
8/7/15
8/10/15
8/10/15 – 8/11/15
8/11 – 8/12/15

To: F.O.I.L Office,
From: Carlos Garcia #89-T-1556   S.H.U. #39
Date: 10/12/15
Subj: F.O.I.L. Request #969-15

Dear Sir/Madam;

I am writing concerning a F.O.I.L Request that I have submitted, F.O.I.L #969-15 . I received the pink copy back of my disbursement form from inmate accounts, and I have noticed that I was charged $13.60 for that F.O.I.L. Request.

That disbursement form was to cover the cost of the photo that I requested copies of, and each photo only cost .50¢. So I don't understand how it totaled $13.60, because 27 photos at .50¢ each only adds up to $13.50.

However, there were not 27 photos taken or presented at my disciplinary hearing. So can you please explain to me how many photos are there, and what exactly am I paying $13.60 for?

I submitted a separate F.O.I.L. Request for "review" of my entire hearing packet, So I want to make sure that I do not get charged for that request. I only asked to review the packet not purchase it, please review my request and it would confirm what I just explained here.

Please note that I have yet to receive any of my requests, and it is going on 3 weeks. Please advise me as to the aforementioned, and thank you for your time in this matter!

Respectfully Submitted,
Carlos Garcia
#89 T 1556

cc: personal file :

Carlos Garcia #89-T-1556
Green Haven Corr. Fac.
P.O. Box 4000
To: Mr. Donald Venettozzi ;                          Stormville, N.Y. 12582-4000
Director of Special Housing Unit
1226 Washington Avenue                               Oct. 13, 2015
Albany, N.Y. 12226

Dear Mr. Venettozzi;

My Specific Ground for appeal are as follow:

On 9-17-15, I was found guilty of rule Violations 104.13
Creating A Disturbance , 106.10 refusing Direct Order , 102.10 Threats
and 109.12 Movement Regulation Violation. I was given a penalty of
180 days S.H.U , and loss of packages ,commissary , phones
and good time.

Point #1
The Right To Pre-Hearing Assistance.

In accordance to 7.N.Y.C.R.R. §251-4.2, Assistant . "An assistant's role
is to speak with the inmate charged , to explain the charges to the
inmate , interview witness and to report the results of His efforts
to the inmate".

Under due process Clause of The Fourteenth Amendment ,
employee assistant who is assigned to assist prisoner disabled
by Confinement in segregated housing unit In preparing defense
to prison disciplinary charges has obligation to perform investi-

gatory tasks which inmate, were he able, could perform for himself. U.S.C.A. Const. Amend. 14. The failure to render any assistance whatsoever to an inmate so disabled could not be held to measure up to constitutional standards.

Moreover, among the procedural rights codified in the regulations which are relevant to the instant case are the right for an assitant to interview witnesses and obtain documentary evidence on behalf of the inmate [7 NYCRR § 251-4] Whereas, for inmates disabled by confinement in S.H.U., this assistance must be provided in good faith and in the best interest of the inmate.

In this matter, I was denied the go-around list and phone list, that would have enabled my assistant to locate any potential witnesses, interview witnesses and inform me of such findings, so that I could prepare an adequate defense. I advised Hearing officer of such denial, and Hearing officer made no effort to remedy the matter and moved on with the hearing despite being informed that I could not present a defense in this manner. The only documents provided to me from a list of request to Employee assistant, were Two (2) sports crossovers schedule for softball. However, they were of no use due to the fact that they were not for date of incident as I had requested, therefore, the equivalent of being provided no assistance (see exhibit -A attach- CROSSOVER sheets and assitance request).

## Point #2
### Denial of Documentary Evidence:

I requested Photographs on my request form to employee assistant (see exhibit-A), where it noted that it would be Produced "at hearing". However, at hearing as the record would confirm, Hearing Officer refused to allow me to review and elaborate on injuries shown on Photos. Hearing officer instead acted in arbitrary and capricious manner, and began to flash Photos from approximately 5 feet away despite being informed that I wore glasses and was near sighted. I informed Hearing Officer that my glasses were broken in the incident and I was presently awaiting glasses. That I was unable to make out the image in the Photos, and he continued to flash the Photos ignoring what I had stated. This behavior denied me my due Process right to documentary evidence, when he refused to allow me to review Photos so that I could elaborate on injuries Sustained. I was also denied the go-around lists and Phone list of inmates on Phone, Precluding me from locating Potential witnesses.

### Point #3
#### Timeliness

Hearing officer did not request extension at any time during my entire Superintendent's Hearing, and my hearing was commenced on 11th day. Incident occured on 7-30-15 and my

hearing started on 8-10-15 without an extension. Thereafter my hearing surpassed the 14 day deadline to conclude a hearing and actually reached 49 days. without one extension ever requested or granted. Hearing officer despite being asked repeatedly for go-around list that per department policy must be held for 30 days, disregarded requests and on 49th day of Superintendent's Hearing deny me the request stating it does not exist. Employee assistant's request sheet [back of page] as noted by assistant and read on record by the Hearing officer, specifically States "Garcia B-4-172 was at Yard 7:42 P.M. (From B-Block go-around)." See; exhibit A on back page And review record for confirmation. At time that notation was made by employee assistant, the go-around did exist, which they got confirmation from as stated.

Therefore, I was substantially prejudiced in delay of hearing for 49 days without extension, and no effort to Secure my requested documentary evidence that would have enabled me to locate witnesses.

### Point #4
### Denial of witnesses

Hearing officer erroneously denied me witnesses who were relevant to my defense on retaliation for Superintendent Griffin, I.G. investigator Keyser, and Acting Dir. of Special Housing Corey Bedard were privy to information that would substantiate my claim of why officers would retaliate against me. Please review record where I

provided a very descriptive explanation to show how these witnesses were very much relevant to this incident. Hearing Officer's absurd questions of "were these witnesses in the yard to witness the incident in the report", was a total disregard to my retaliation defense as well as to what I had just explained to him on record.

Hearing officer also denied my Employee Assistant who could have elaborated on what was told to her about the requested documentary evidence. And denied medical staff who could have provided testimony that I was seen by eye doctor and was presently awaiting glasses, and that I am indeed near sighted. This testimony was very relevant, when hearing officer refused to acknowledge that I wore glasses, and continued to flash photographs at me from a distant despite being told I couldn't see anything. Thus, denying me meaningful review of documentary evidence.

Furthermore, I requested the officers from the response team as witnesses, who also escorted me to the clinic for my injuries. I explained their relevancy, and as the record will confirm that Hearing Officer totally disregarded my request. He did not provide written notice for their denial, and a hearing officer's actual outright denial of a witness without a stated good-faith reason, or lack of any effort to obtain a requested witness's testimony, constitutes a clear Constitutional Violation.

## Point #5
### Wrongly excluded from Hearing.

During my hearing, I was excluded from my hearing under the false pretense created by Hearing Officer himself. The record will confirm that every time Hearing Officer asked me a question, while responding to his question, he would interrupt me and begin speaking over me. He would then tell me that I was not to interrupt him when he was speaking. I did not say anything though it was him who spoke over me, whenever I did not answer to his liking. I noticed that he would continue to do it and give me the same warning, and I told him that I was answering his question when he interrupted me. Hearing officer was obviously arbitrary and capricious, and looking for any ploy to have me removed from my hearing to deny me my witnesses. Hearing officer had no adequate basis to justify this infringement of a fundamental right, besides to cover up his ploy to deny the requested witnesses.

Hearing officer was clearly arbitrary and capricious, when Department Regulations provide that an inmate accused of mis-behavior "shall be present at the hearing unless he is excluded for reason of institutional safety or correctional goals".

Thereby, depriving me of meaningful review, when nothing on the record will demonstrate that my behavior rose to the

level of disruption required to warrant my exclusion from the hearing

## Point #6
### No Substantial evidence to Warrant finding of guilt.

Hearing Officer, despite being informed multiple times that I was being precluded of locating any potential witness by denial of documentary evidence, took it upon himself to call an inmate witness on my behalf without notifying me. I made timely objection to calling a witness without conferring with me. I had no idea who the inmate was, and Hearing Officer refused to identify the witness despite several request as to who he called as my witness. I objected and allowed him to proceed, and witness testified. Witness who I had no idea that he was being called, who he was, what his testimony would consist of, stated everything I had written in my grievance on Aug 3, 2015. As witness form 2175 will show, he refused to note Witness' Din.# or cell location. His secret witness corroborated everything I said, that I was attacked from behind for no reason. A witness I could not have coerced! His underhanded tactic obviously failed, so he had me wrongly excluded from my hearing. He found me not guilty of assault on staff and of phone program violation, which ironically was the justification used to approach me in the first place. Every other charge allegedly transpired as a result of approaching me for

running the phones, and led to me assaulting staff. But when I proved that I was not in that yard, and his secret witness substantiated my claim. He was forced to dismiss the two initial charges.

Therefore, if Hearing Officer conceded that I was not guilty of running the phones, and not guilty of assaulting staff. He obviously conceded that author of misbehavior Report was not credible, so he could not then take his testimony and make portion of it credible and disregard the portion he deems not credible. The Witness is either credible or not credible and that should be obvious.

INConclusion, remaining charges that he found me Guilty of all transpired as a result of the charges Hearing Officer dismissed. Therefore, the remaining charges all become the "fruits of the poisonous tree", and the entire misbehavior report should have been dismissed.

For the above stated violations, I respectfully request that all charges be reversed and expungeded from my disciplinary record and institutional file! Thank you for your time in this matter!

CC: personal file:

Respectfully Submitted,

Carlos Garcia

10/29/15

TO: MRS. STANAWAY  I.G.R.C. Supervisor;

FROM: CARLOS GARCIA #89-T-1556

DATE: 10-29-15

Subject: Grievance results.

Dear Mrs. Stanaway;

I am writing concerning several grievances that I have submitted and have yet to receive a single result to any of my grievance complaints. I wrote you a letter on 9-28-15 concerning these grievance, and inquired as to their status. You responded simply to inform me that they were all consolidated, but that was a month ago and your office have yet to produce a single result to any of my grievances.

There is no reasonable explanation for my grievance complaints not to result in any decisions, when it is now going on 90 days since the first one was submitted on August 3, 2015.

In accordance with 7 N.Y.C.R.R. § 701.8, "HARASSMENT I have noticed that Superintendent have not complied with any of the requirements set forth in §§ 701.8 (D) (1) (2) or (3) and (e), (f).

As stated in 7 N.Y.C.R.R. § 701.8(f), "Time limit extensions may be requested, [but] such extensions may be granted [only] with the consent of the grievant. In this matter, I did not consent to a time limit extensions, and wish to appeal to CORC, and request a "NOTICE of Decision to appeal (form # 2133)" so that I can file an appeal.

Superintendent failed to respond within the required twenty-five calender day time limit, the grievant therefore wish to appeal [Dir. #4040 7 NYCRR § 701.8 (G)].

I would like a form #2133, so that I may move foward with my appeal. Thank you for your time in this matter! I await your response.

Respectfully submitted,

Carlos Garcia
#89-T-1556

CC: Personal file

Karen Bellamy
Director of Inmate Grievance

Anthony Annucci
Acting Commissioner of D.O.C.C.S

TO: MR. THOMAS GRIFFIN, SUPERINTENDENT
FROM: MR. CARLOS GARCIA #89-T-1556
Date: 10/30/15
Subj.: Discretionary Review

Dear Mr. Griffin;
I am submitting this discretionary review application and respectfully requesting that it be taken under consideration on the following grounds:
On 7/30/15, I was issued a misbehavior Report that I submitted a grievance about, and stated that the misbehavior report was filed under false pretenses that I would bring to light at my disciplinary hearing.
During the employee Assistant process, my Constitutional rights to due process were violated. Where I was denied all documentary evidence that I requested, and made timely objection at hearing. Hearing officer inquired as to what I requested, and he read my entire request sheet to my employee Assistant but failed to remedy the matter. He proceeded with the hearing despite being informed that I could not locate any potential witnesses without documentary evidence requested. Therefore, I was unable to prepare & present an adequate defense. Hearing officer refused to provide me requested documentary evidence, and instead used it to locate a witness, who he called to my hearing without conferring with me or without my consent. This witness who he chose to call on my behalf over my objection, ironically stated everything I said occured in my incident in my

grievance (dated 5/3/15). He totally corroborated my version of what occured, and his testimony occured on 9/17/15. Hearing Officer refused to tell me who the inmate was or provide his name and I.D. No.. Therefore, not only did, I not know how he located the witness, I had absolutely no idea what his testimony would consist of. which is why I vehemently objected to the witness, and to hearing officer selecting my witness for me.

Hearing officer allowed the testimony despite my objection, and was suddenly aware that the witness that he himself selected for me proved that I was not guilty of the fabricated charges. I further showed him that I was not in the A&B yard to be running the phones as alleged, because I was in the C&D yard for sports cross-over. The disciplinary office gave my employee assistant the Sports Cross-over schedule for June 29, 2015 & July 29, 2015, in an attempt to circumvent my defense, when the assitance form clearly asks for the cross-over schedule for July 30, 2015, which is the date of the incident. Hearing officer was made aware of this, and disregard that fact.

Hearing Officer, denied me the oppertunity to review the photographs that "I" requested as evidence. He instead resorted to arbitrary and capricious behavior, when he flashed the photos from approximately five feet away. I informed him that I could not see without my glasses, that were broken in the incident. He ignored me thereby denying me the documentary evidence I requested. I made objections to.

his underhanded tactics, he refused to call my requested witnesses and provided "Refusal notice" for them.

However, he totally ignored the request for the response team officers who escorted me to medical, who were essential to my defense. He did not provide a "Witness refusal notice" or a "good faith reason" for not calling my requested witnesses.

Hearing record will confirm my allegations, that hearing officer resorted to speak over me then try to reprimand me saying I was interrupting him, as a ploy to have me removed from the hearing. He eventually removed me from my hearing, when the record will confirm that I never threatened institutional safety or correctional goals, that would warrant removing me from my hearing. I was locked in a cage throughout my hearing, so how could I pose a threat?

This is clearly a violation of constitutional demension that violates my due process rights. Hearing officer despite removing me from my hearing, was forced to dismiss the "assault on staff" and "the phone regulation violation". Because it was his choice of my witness, that rendered the author of the misbehavior report unreliable and questioned his credibility.

However, Hearing officer ironically chose to find me guilty of charges, that only came about because of the false allegations that I assaulted staff when approached for running the phones. So if I was not running the

phones or assaulted staff as he conceded, when he found me not guilty of those charges. How could I have been found guilty of the other charges? The same witness he called and found credible enough to throw out the assault on staff and phone violation, stated that "I returned from sports crossover and officers called me over, that we spoke for a second and that I was being escorted to B&C corridor when an officer attacked me from behind when he jumped on my back and placed me in an illegal choke hold."

That testimony clearly demonstrates that I did not disobey a direct order, display violent conduct, violated movement regulation or made any threats. The essence of this matter was that I was allegedly running the phones, and when approached, that I assaulted staff. I got found not guilty of that, based on witnesses testimony that rendered author of report not credible. So how can the hearing officer split up the authors testimony and discard the portion that does not benefit the state and attempt to make the other portion credible? The author is either credible or not credible as a whole. The witness clearly stated that I followed staff direction, so is he only half credible?

As the Chief Administrative Officer of this facility, I am requesting that you intercede in this matter, for it is you sir who designated this hearing officer to preside over my Superintendent's Hearing. You

have the authority to rectify this matter concerning this blatant violation of my constitutional rights to due process.

I filed an administrative appeal, grieved the assault committed against me, and will pursue civil action in this matter. I will demonstrate that I clearly brought these constitutional violation of my due process to the hearing officer's attention, as well as your attention. So that denial of accountability would not be an issue in the future for I have provided the opportunity to address this matter and rectify this gross violation of my minimum due process rights under the 14th. amendment of the United States Constitution in accordance with Wolff V. McDonnell.

Please advise me as to the aforementioned at your earliest convenience. Thank you for your time and attention in this matter!

Respectfully Submitted,

Carlos Garcia
#89-T-1556

cc: Personal file:

Exhibit 7

Page 1 of 2.
11/3/15

TO: CENTRAL OFFICE REVIEW COMMITTEE,
FROM: CARLOS GARCIA #89-T-1556
DATE: 11/3/15
Subj.: Grievance Appeal

NYS DEPT OF
CORRECTIONS AND
COMMUNITY SUPERVISION

NOV 10 2015

RECEIVED
INMATE GRIEVANCE

RE: Appeal of Grievance log No.# GH-80446-15.

Dear Sir/Madam;

Please accept this "Notice of Decision to appeal form #2133", as my appeal to the above referenced matter. I am appealing in accordance with the failure of the Superintendent to meet any of the requirements set forth in Department's own regulations 7 N.Y.C.R.R. § 701.8 (D)(1-3), (e) and (f).

Superintendent has not met with the requirements that mandates, that he handles a code 49 within the required Twenty-five (25) calender day time limit. MY Appeal was submitted on 8/3/15, and it is now Three (3) months later and I have yet to receive a response.

I therefore move to appeal in accordance to Dir #4040 ¶ N.Y.C.R.R. § 701.8 (G), and ask that Superintendent's failure to respond and my exoneration at Superintendent's Hearing of the charges of assault on staff & phone regulation violation, that decision be granted in my favor as I made claim that I would prove and bring to light that incident was instigated under false pretenses at my disciplinary hearing. I have met that burden, and request that I receive a conclusion to my administrative remedies so

that I may proceed with civil action for the excessive force used against me while I was in mechanical restraints and did not pose a threat to anyone. As well as filing a false instrument (misbehavior Report) under false pretenses.

Hence, I would like to make clear that Log No.# GH-80446-15 has multiple grievances that were all consolidated under that log number. None of which have been answered by Superintendent within the Twenty-Five Calender days as required.

Thus, barring any response in his favor, when he had every opportunity to order an investigation and failed to do so. Two lieutenants came and spoke with me and with one saying that he would review video tapes. He never did and both made biased findings with no thorough investigation conducted. I wrote and explained that I disagree with biased manner in which investigation was held.

Bare in mind that none of the investigations concerned the incident contained in the grievances dated 8/3/15 and 8/4/15. This appeal is on those two!

Thank you very much for your time in this matter! I await your decision in this matter.

cc: personal file

Respectfully Submitted;

Carlos Garcia
89-T-1556

KAREN BELLAMY
Director of Inmate Greivance.

TO: F.O.I.L. Officer

FROM: CARLOS GARCIA #89-T-1556   S.H.U. #39

DATE: 11/4/15

SUBJ: Copy of log entry

Dear Sir/Madam;

I am submitting this F.O.I.L. Request for a copy of the A&B yard log entry concerning the name of the three officers on duty for July 30, 2015

The July 30, 2015 Log entry contains the names of the 3 officers who's post was the A&B yard on the westside.

Thank you for the assistance in this matter! Enclosed is a disbursement form to cover the cost for the copy of the log entry.

Respectfully Submitted

Carlos Garcia

89-T-1556

S.Hu #39

cc: personal file:

TO: RICHARD P. ALEXIS, Rec. Staff

FROM: CARLOS GARCIA #89-T-1556   S.H.U #39

DATE: 11/4/15

Subject: Cross-over Schedule.

     I spoke with you in S.H.U. concerning a copy of of The "Softball league Crossover (west side) list" for 7/30/15, and if one exist I am also interested in who exactly played That day (7-30-15).

     As I mentioned to you, I was charged with an incident in the A&B yard despite being on the crossover for softball in the C&D yard at time of incident.

     Thank you very much for your time and assistance in this matter!

Carlos Garcia
#89-T-1556
S.H.U #39



NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050


ANTHONY J. ANNUCCI                           JOSEPH BELLNIER
ACTING COMMISSIONER                          DEPUTY COMMISSIONER
                                             CORRECTIONAL FACILITIES


                    REVIEW OF SUPERINTENDENT'S HEARING

            NAME:  GARCIA, CARLOS                    NO.  89T1556

            HEARING FACILITY:  GREEN HAVEN


            ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

    LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

    SEPTEMBER 17, 2015, HAS BEEN REVIEWED AND REVERSED ON NOVEMBER 13, 2015.




                        _____D. VENETTOZZI_____
                        DIRECTOR, SPECIAL HOUSING/
                        INMATE DISCIPLINARY PROGRAM


    CC: FACILITY SUPERINTENDENT
        CENTRAL OFFICE FILES


    APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
    ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
    HOUSING/INMATE DISCIPLINE PROGRAM.


Inmate's Signature: _____    DIN# _____


Serving Officer's Signature: _____    Date: _____  Time: _____

TO: CENTRAL OFFICE REVIEW COMMITTEE;

FROM: CARLOS GARCIA #89-T-1556

DATE: 12-3-15

SUBJ: GRievance appeal

RE: Appeal of Grievance complaint Log No. #

   Dear Sir/Madam;

Please accept this "Notice of Decision to appeal" as form #2133, to appeal the above referenced matter. I am appealing in accordance to the failure of the Grievance Supervisor and superintendent to meet any of the regulations as required in department's own Rules and Regulations as set forth in 7 NYCRR §701.8

   Grievance Committee's Supervisor and Superintendent's failure to adhere to mandated time limit, to answer grievance complaint within allotted time frame, provides me the option of moving forward with an appeal.

   I therefore move to appeal this matter, so that I can exhaust my administrative remedies and pursue civil actions in this matter. It is now exactly four (4) months since I have filed my grievance complaint, and I have yet to receive a response from the I.G.R.C. Program. It is no secret that the Superintendent of Green Haven is in the habit of trying to dictate policy and procedures, instead of enforcing them. His underhanded tactics of having

(1)

the grievance supervisor delay our grievance response to complaints filed, is an attempt to discourage inmates from pursuing the matter.

I have submitted a correspondence as to the status of my grievances on Sept. 28, 2015, and did not receive any response from Grievance Supervisor Mrs. L. Stanaway. I submitted an appeal to your office on Nov. 3, 2015 concerning a "Code 49" that led to this grievance, and I inquired as to this grievance too, but have not heard from your office.

So to safeguard myself, I filed this appeal on this particular grievance complaint filed on Aug. 4, 2015.

I respectfully request that a decision be rendered in the above referenced matter, so that I can exhaust my administrative remedies.

Thank you for your time and assistance in this matter!

Respectfully Submitted,

Carlos Garcia

CC: personal file:

...



*1*

CARLOS GARCIA #89-T-1556

SOUTHPORT CORR. FAC.

P.O. BOX 2000

PINE CITY, N.Y. 14871-2000

To: MRS. L. STANAWAY

I.G.R.C. SUPERVISOR

GREEN HAVEN CORR. FAC.                    DEC. 14, 2015

594 RTE. 216

STORMVILLE, N.Y. 12582-0010

RE: Clarification concerning Grievance No.# GH-80446-15

Dear Mrs. Stanaway:

I am writing to inform you, that I have written to you on sept. 28, 2015 asking for the status of my two grievances of 8/3/15 and 8/4/15. I then wrote again on oct. 29, 2015, and I inquired as to the results of my grievance of 8/3/15. In that correspondence I made it very clear that it was nearly 90 days and that your office and the Superintendent (Mr. Griffin) failed to comply with the requirements set forth in § 701.8 (D)(1) (2)(3) and (e) and (f). NYCRR § 701.8 specifically states that Superintendent Griffin had 25 days to respond to a grievance that is classified a Code 49, and your office had 16 days to respond prior to that or send it to superintendent Griffin.

Therefore, in accordance to N.Y.C.R.R. § 701.8(G), I

#2

have the option of moving forward and appeal directly to C.O.R.C.. Which I have, and am presently awaiting for their response. My appeal to C.O.R.C. was submitted on 11/3/15, so I am trying to understand why a Sergeant of this facility (Southport) is conducting an investigation on Dec. 10, 2015. That's exactly Four (4) months and Seven (7) days after my grievance was initially submitted.

I don't know if you are familiar with the policy and procedure that you are mandated to follow, but your lack of diligence or importance in this matter clearly show your total disregard for policies you are personally responsible to follow.

I have already appealed this grievance to central office, because of your office's lack of action in this matter. I therefore object to the underhanded tactic by your office of attempting to rectify your lack of diligence by conducting an investigation (4) months later, when the matter is out of your hands since it was already appealed to central office over a month ago.

In conclusion, as I stated in my grievance, I was exonerated of the false allegations filed against me when I was found not guilty of assault on staff and Phone Regulation Violation. The charges I was found guilty of were just reversed by Albany and the Director of Special Housing Unit. So I am anxious to see the outcome of your decision, for I am sure that you will still pursue an investigation knowing that

#3

your office no longer has the appropriate authority over this matter. That Jurisdiction has been in the office of the "Central Office Review Committee" since November 3, 2015.

Thank you for your time in this matter!

Respectfully Submitted,

Carlos Garcia

CC: Personal file.

TO: MRS. KAREN BELLAMY, Director of Inmate Grievance;
FROM: MR. CARLOS GARCIA #89-T-1556
Date: 12/16/15
SubJ: Grievances No#_____, #

Dear Mrs. Bellamy;

    I am writing concerning the disturbing practice being implemented by the Inmate Grievance Resolution Committee's Supervisor, Mrs. L. Stanaway, at Green Haven Correctional Facility. It seems that Mrs. Stanaway has a total disregard for department's Rules and Regulations that she is mandated to adhere to in accordance to Directive No.# 4040 and Title 7 NYCRR. § 701.8 (D), (e) and (f).

    As specified in your regulations, Grievance Supervisor has 16 days to respond to a grievance complaint, if classified a "Code 49", the grievance complaint should then be sent for response to the Superintendent. Superintendent, then has 25 working days to respond to complaint, failure to meet such obligation is a direct Violation of 7 NYCRR § 701.8(G). Which allows me to proceed with an appeal to central office.

    In addition, 7 NYCRR § 701.8 (f), specifically states that time limit extensions may be requested, "but" such extensions may be granted "only" with the consent

(1)

of the grievant. In this matter, I did not consent to a time limit extension, and wish to appeal to central office review committee. I filed those appeals on Nov. 3, 2015 and Dec 3, 2015 to central office, and am presently awaiting responses.

However, I was just seen by a sergeant who attempted to interview me concerning a grievance investigation from Green Haven Corr. Fac., but this sgt. is from here in Southport Corr. Fac.. I explained to this Sergeant that I had nothing to state on the matter, for I had already appealed the matter to central office.

On Dec. 14, 2015, I wrote to Mrs. Stanaway and informed her that her officer no longer had the appropriate authority over this matter, that jurisdiction has been in the office of C.O.R.C. since Nov. 3, 2015. I filed an appeal once 90 days passed with no response from I.G.R.C., and 90 days was more than enough time for a response from either the I.G.R.C. Supervisor or the Superintendent. yet, none of them complied with the time obligation set forth in Title 7 NYCRR. § 701.8 (f), which provides me the right to appeal to C.O.R.C..

In conclusion, I would like to clarify that in my grievance complaint of Aug. 3, 2015, I specifically stated that the entire incident was instigated under false pretenses, that I would bring to light at my

(2)

disciplinary hearing. At my disciplinary hearing, I found not guilty of the top 2 charges, and found guilty of the four (4) remaining charges. However, the four remaining charges were administratively reversed on Nov. 13, 2015.

I was therefore exonerated of every charge in this incident, as I had stated that I would prove in my grievance. I am simply awaiting a response from C.O.R.C., so that I can proceed with my civil action. In closing, I request that you please inform Mrs. Stanaway, that matter has already been appealed. That an investigation four (4) months and seven (7) days later is over the time limit allowed and appeal has already been filed.

Thank you for your time and attention in this matter! Please advise me as to the aforementioned at your earliest convenience.

Respectfully submitted,

cc: personal file:

Carlos Garcia



**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

January 13, 2016

Mr. Carlos Garcia, #89-T-1556
Auburn Correctional Facility
PO Box 618
Auburn, NY 13021

Dear Mr. Garcia:

This is to acknowledge receipt of your correspondence dated December 16, 2015.

Contact with the IGP Supervisor reveals that she received your request to pass GH-80466-15 to the next level of review for timeliness, and that it is being forwarded to CORC. You are advised to address further grievance concerns to the IGP Supervisor for the most expeditious means of resolution.

Sincerely,

Karen Bellamy
Director
Inmate Grievance Program

KRB:lc

cc: Supt. Harold Graham, Auburn C.F.
    Supv. Cheryl Parmiter, Auburn C.F. (w/attachment)



**NEW YORK STATE**

# Corrections and
# Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

TO:       Garcia, C.    89T1556      Auburn C.F.

FROM:    FOIL Office

DATE:    January 28, 2016

RE:       FOIL #1116-15

This is in regards to your above noted FOIL request. We are sorry for the delay; however, we are continuing to search for any responsive records that may be releasable in accordance with New York State Freedom of Information Law. We expect to be responding to your request as soon as possible.

You have the right to appeal in writing to the Office of Counsel, New York State Department of Correctional Services, State Office Campus Building #2, 1220 Washington Avenue, Albany, New York, 12226-2050.

RECYCLED
XEROX
10% P.C.W.
80000 SERIES



**NEW YORK STATE**

# Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

January 29, 2016

Mr. Carlos Garcia, #89-T-1556
Auburn Correctional Facility
PO Box 618
Auburn, NY 13021

Dear Mr. Garcia:

This is to acknowledge receipt of your correspondence dated November 3, 2015.

Directive #4040, Inmate Grievance Program (IGP), provides inmates with an orderly, fair, simple and expeditious method of resolving grievances pursuant to the Correction Law. The Directive makes no provision for an inmate to refer grievances directly to Central Office.

You are advised that you must submit your grievance or appeal directly to the IGRC at the facility. Therefore, your documents are being returned to you, and we will not retain a copy in this office.

Sincerely,

Karen Bellamy
Director
Inmate Grievance Program

Encl.
KRB:mm

cc:  Supt. Harold Graham, Auburn C.F.
     Supv. Cheryl Parmiter, Auburn C.F.

CARLOS GARCIA # 89-T-1556

Auburn Corr. Fac.

P.O. Box 618

Auburn, N.Y. 13021

KAREN Bellamy, Director

Inmate Grievance Program

8/11/16

Dear Mrs. Bellamy;

I am writing regarding your response concerning my appeal directly to CORC, which you stated that a copy will not be retained at your office. That Directive makes no provision for an inmate to refer grievances directly to central office. Well, it was actually an appeal to a grievance, and not an actual grievance. Moreover, directive also makes no provision that we cannot appeal directly to central office, especially when grievance office and Superintendent are attempting to circumvent any attempt to respond in accordance to the mandated provision in your directive.

In your response, you mention that directive #4040 (IGP), provides inmates with an orderly, fair, simple and expeditious method of resolving grievances pursuant to the Correction Law. Are you serious? I receive a response (6) months and (5) days later, and the decision is based on an entirely different incident and you call that being expeditious? According to Dir #4040 and Correction Law 7NYCRR 701.8 (B)(1-3), (E) and (F), Grievance office has 16 days to respond or send it to the Superintendent as a code 49, which he then has 25 calendar days to respond, yet, I receive a response (6) months later from the grievance supervisor, I guess Directive #4040 is only abided by when it benefit the Department.

Carlos Garcia

C: Personal file

RECYCLED
RECYCLED PAPER

Grievant   GARCIA          Number  89T1556          Cell  SHU-13

| NEW YORK STATE Corrections and Community Supervision | Grievance Number 80446-15 | | Date Filed 8/18/2015 |
| --- | --- | --- | --- |
| | Title ALLEGES ASSAULT/HARASSMENT (CONS -4) | | Code 49 |
| Inmate Grievance Program | Superintendent's Signature | | Date 2/8/16 |

The grievant complains of an alleged assault.

According to the investigation UOF 15-0055 for 7/30/15 is a documented Use of Force involving the grievant.  A copy has been obtained.  On 8/3/15 the grievant was charged with Assault on Staff.  He was found guilty and this was affirmed on appeal 11/18/15.

On 12/11/15 the grievant was interviewed at Southport CF by Sgt. H.  The grievant is now housing at Auburn CF. The grievant offered no new witnesses.

According to the Inmate Injury Report  the grievant was assessed by medical, treated and doctor placed the grievant in IPC on a watch.

All officers named in this complaint have been interviewed by Lt. S. CO P has submitted a written statement denying the grievant's allegations.  CO F has submitted a written statement denying the grievant's allegations. CO F states at no time did he assault the grievant

CO G., the A-Officer on the 3-11 shift in the SHU was interviewed and has submitted a written statement denying the grievant's allegations.

According to the investigation the grievant's allegations could not be substantiated.

\*\*\* Grievance is denied only to the extent noted above.

---

Appeal  Statement

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance  Clerk.  You have seven (7) calendar days from receipt of this notice to file your appeal.  Please state why you are appealing this decision to C.O.R.C.

I Move to appeal this decision on several grounds, first, a code 49 Must be answered by the Superintendent within 25 calendar days as mandated in 7 N.Y.C.R.R. § 701.8 (D)(1-3), (e) and (f). Continue attach—

_Carlos Garcia_               PG# 1 of 2               2/17/16
Grievant's Signature                                        Date

---

Grievance  Clerk's  Signature                          Date

Form 2133 (Rev. 2/89)

Your response is obviously an attempt to ignore the complaint submitted concerning the incident of 7/30/15, When you based your decision on an incident on 8/3/15 That was never grieved.

The appeal that was denied (affirmed) had absolutely nothing to do with the grievant in question. The grievance submitted on the use of force was reversed on 11-13-15, which you so contently disregarded.

Furthermore, the interview by Sgt. H, at Southport CORR. Fac. had nothing to do with the grievance of 8/3/15 and the use of force by C.O. P and C.O. F. The misbehavior report of 8/3/15 is an entirely different situation that was not grieved by me. My grievance is for the incident on July 30, 2015, and the grievance complaint was filed on 8/3/15. But has absolutely nothing to do with the ~~incident~~ incident of the same date.

In conclusion, the grievance should have been answered within 16 days or sent to the Superintendent, then he had 25 calendar days to respond. This response comes six months and 5 days after grievance was submitted. A direct violation of Dir.# 4040 7 N.Y.C.R.R § 701.8 (G), for the above reasons, I wish to appeal your decision.

CC: personal file:

Carlos Garcia
#89-T-1556
2/17/16



**NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

March 4, 2016

Mr. Carlos Garcia, #89-T-1556
Auburn Correctional Facility
PO Box 618
Auburn, NY 13021

Dear Mr. Garcia:

This is to acknowledge receipt of your recent undated correspondence.

Contact with the IGP Supervisor reveals that you did not file any grievances in 2015 or 2016, to date. You are again advised that Directive #4040 makes no provision for an inmate to refer grievances or appeals directly to Central Office.

You should address specific grievance concerns to the IGP Supervisor for the most expeditious means of resolution.

Sincerely,

Karen Bellamy
Director
Inmate Grievance Program

KRB:cl

cc:  Supt. Harold Graham, Auburn C.F.
     Supv. Cheryl Parmiter, Auburn C.F. (w/attachment)

CARLOS GARCIA #89-T-1556
Auburn Corr. Fac.
P.O. Box 618
Auburn, N.Y. 13024

Karen Bellamy
Director
Inmate Grievance Program
The Harriman State Campus-Bldg. 2
1220 Washington Avenue
Albany, N.Y. 12226-2050

MARCH 25, 2016

NYS DEPT OF
CORRECTIONS AND
COMMUNITY SUPERVISION

APR   4 2016

RECEIVED
INMATE GRIEVANCE

Dear MRS. Bellamy;

In response to your most recent correspondence, I clearly understand that Dir. #4040 makes no provision for an inmate to refer grievance appeals directly to central office.

However, Dir. #4040 does not say, "one cannot appeal directly to Central office". Nevertheless, I appealed to IGP Supervisor as advised.

I also would like to clarify that your correspondence shows that you are clearly misinformed, for you stated that, "contact with the I.G.P. Supervisor reveals that you did not file any grievances in 2015 or 2016, to date".

That is totally false information that was provided to you, when the IGP Supervisor you contacted has sent me two correspondence forms acknowleging receipt of my grievances submitted in 2015. Enclosed you will find copies of said receipts and also a "STATUS of Grievances" correspondence from IGP Supervisor STANAWAY. This Correspondence clearly acknowleges receipt of grievances filed and logged on 8/3/15, 8/4/15, 8/6/15, 8/7/15, 8/10/15, 8/10/15-8/11/15 and 8/11/15-8/12/15.

As I had previously explained, Dir #4040 does not state

complaint. It is Ironic that as Director of Inmate Grievance Program, you are not adamant about Dir.#4040 When it is not complied with by DOCCS' Staff. Because as clearly specified in Dir.#4040, a Code 49 "must be forwarded to The Superintendent for a response Within "25 calender days. That time frame was not adhered to, and I Wrote IGP Supervisor on Various occasions inquiring about the delay. I waited approx.(4) months, and never received any response from The Superintendent. I Have Kept copies of every correspondence submitted concerning this matter, and clearly, can demonstrate that I have been diligent. However, I have been precluded from moving forward with delay tactics that do not adhere to directive #4040 or with the regulations set forth in Department's own Rules & Regulations 7 NYCRR § 701.8 (G)

        What is more telling, is the fact that IGP Supervisor Stanaway, in her quest to circumvent my efforts to exhaust my administrative remedies, not only have misinformed you about I not filing any grievances in 2015, but has based her denial of my grievance on a misbehavior report that was never part of the incident Grieved.

        On the denial of my grievance reply, Mrs.Stanaway States "On 8/3/15 the grievant was charged with Assault on Staff. He Was found guilty and this was affirmed on appeal 11/18/16". Thereby, basing her conclussion for denial, on a misbehavior report that is not the source of the grievant complaint.

        Thus, making a complete mockery of the entire Inmate grievance Resolution Committee's Purpose. My decision Should apply to the misbehavior report of this incident, and not an

In Conclussion, I have demonstrated at my disciplinary hearing that misbehavior Report was filed under false Pretenses, and was found NOT Guilty of "assault on Staff" and "Phone regulation Violation". The charges that were not dismissed, were ultimately reversed on the appeal.

Thus, making such decision based on another incident is unfair and misleading! I have appealed to IGP Supervisor as you advised, this is only responding to your correspondence of March 4th. for clarification.

Thank you for you time in this matter, I await the appeal decision from appropriate channels.

CC: Personal file!

Respectfully Submitted,

Carlos Garcia
#89-T-1556

(3)



**NEW YORK STATE**

**Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

FROM:   Karen Bellamy, Director, Inmate Grievance Program

SUBJ:   Receipt of Appeal - Auburn OD-06-445

C GARCIA  89T1556  8/3/2016
Green Haven Correctional Facility
Your grievance GH-80446-15 entitled
Harassment
was rec'd by CORC on 5/16/2016

AUG 0 9 2016

A disposition will be sent to you after the grievance is reviewed by CORC
The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050 | (518) 457-8126 | www.doccs.ny.gov

1983

CARLOS GARCIA #89-T-1556

AUBURN CORR. FAC.

P.O. Box 618

PRO-SE CLERK,                    AUBURN N.Y. 13024

U.S. DISTRICT COURT

SOUTHERN DISTRICT of NEW YORK

   U.S. COURTHOUSE                 JULY 25, 2018

500 PEARL STREET

NEW YORK, N.Y. 10007-1312

RECEIVED
SDNY DOCKET UNIT
2018 AUG -1 PM 3:13

      Dear Sir/Madam;

      I am writing to address a problem of major concern pertaining to Correctional Officers and personnel of D.O.C.C.S, who are desparately attempting to circumvent any effort I have attempted to have my complaint under 42 U.S.C. § 1983 mailed to the court.

      I initially was being denied access to A "Notary Public", when someone showed me how to use "self Notary" and I decided to use that method as a last resort. The Correction officers resorted to "refusing" to pick-up my outgoing mail when it was addressed to a District Court. After several attempts, I insisted that he takes my mail and sign the disbursement form to cover the cost for the "Certify mail required by the Court. Please Note: That here at Auburn Corr. FAC., we are required to have "All" disbursement forms signed and picked-up by a Correction Officer. There is no other method to have it go out, so we are obligated to rely on them.

                              (1)

Today 7/25/18, I again insisted that the officer take my mail, and sign the disbursement form. He refused and walked off. I began to yell out requesting to speak to an area supervisor, and three officers came to my cell with one carrying a fire extinguisher. When I insisted that my legal mail be picked-up, the officer sprayed me with the extinguisher and sprayed my legal mail containing my $1983 complaint. They walked off laughing, went to the back of my cell and cut the power off and sprayed another fire extinguisher, that contains a "Hazardous Chemical Agent" into my cell through the vent creating a cloud of a white powder substance all inside my cell. Throughout this bizzare incident, I am in complete darkness! I secured my complaint out of the "totally soaked envelope" (which I saved for evidence), and was experiencing eyes, nose and throat irritation. Lightheadedness, and difficulty breathing, for which I was denied any medical attention. In the darkness, I wrote two grievances. One on the officer's misconduct and denial of access to the court, one on medical's deliberate indifference. I also submitted complaints to the Superintendent, Inspector General's office, D.o.c.c.s'. Commissioner and Department of Health. There is an ongoing investigation only after I informed security personnel, that I submitted complaints with a sample of the powder to all I addressed in my complaints. That includes the Governor's office.

The investigation is being conducted by the Office of Special Investigation at this present moment, where it has been confirmed that a hazardous chemical agent was

(2)

indeed sprayed into my cell via the air vent. However, I have still been unable to mail out my legalwork, first through outright refusal to pick it up, and since the begining of the investigation, through underhanded tactics utilized by officers. Who pick it up and drop it in the mail bag out of my presence, only for the mail room to return it to me, because the officer did not sign the disbursement form nor stamped it with the Block Stamp. Two requirements mandated before the mailroom would even process it to go out.

These underhanded tactics are deliberately done, to further preclude me from having my legal papers reach the court. I need to know who may I write to address this concern, because I am being denied access to the courts. The officers are now telling me that they "will not sign the disbursement form and stamp the envelope", unless I give it to them opened. Where he (the officer) can leave my presence with my legal work opened, which is against Correction Department's own policy in regards to legal-mail. I cannot in good-faith place any trust that my legal papers would not be tampered with and sabbotaged, before it is sealed and forwarded to the Court. My distrust is not unfounded, when officers have already displayed unprofessional behavior to the extent of spraying a chemical agent into my cell.

Henceforth, my civil complaint concerns a use of force, where I was visciouly brutalized while in mechanical

(3)

restraints. Now several officers were locked-out of the facility for their role in the spraying of a chemical agent into my cell.

Therefore, How in good faith can I trust them with taking my legal papers "unsealed" out of my presence? When there are existing Case law that specifically state that "outgoing legal mail may be sealed in the presence of the officer that picks it up".

I have written this letter as a last recourse to make a record of why I cannot reach the court, and for any advice I can be provided as to whom I can address this dire concern of violation of my first amendment rights to petition the court.

Please advise me as to the aforementioned at your earliest convenience. Thank you for your time in this matter!

Respectfully Submitted,

cc: personal file.

Carlos Garcia
89-T-1556

Auburn Corr. Fac.
P.O. Box 618
Auburn, N.Y. 13024

(4)

EXHIBIT· OO

A. Misbehavior Report

B. Assault Grievance

C. Medical Grievance

D. Supt.' complaint

E. Grievance

F. Grievance

G. Supt.' complaint

H. Grievance

I. Supt' complaint

J. Grievance

K. Supt' complaint

L. Assistant Request

M. Documetary evidence
(sports cross over list)

N. Grievance acknowledgement
Receipt

O. Commissioner complaint
on Hearing officer

P. Memos of Bias investigation
complaint

Q. Use of force Report & Photos (3)

R. Hearing disposition/witness Refusal
notice

S. F.O.I.L. Request

T. Grievance Status request

U. FOIL Request for Photos
and Hearing Packet

V. Memos of grievance Status
Response

W. Administrative appeal

X. IGRC letter

Y. Supt' Discretionary Review

Z. C.O.R.C. Appeal

AA. Foil Request

BB. Administrative appeal response

CC. C.O.R.C Appeal

DD. letter to Grievance supervisor

EE. Letter to C.O.R.C. Director

FF. Director of IGRC response

GG. Foil Request

HH. ISRC Director response

II. IGRC Correspondence

JJ. Grievance response

KK. IGRC Dir. Response

LL. Correspondence to IGRC Director

MM. Response from Dir. of IGRC

NN. Memo from Dir. of IGRC
(Receipt of Appeal

OO. Complaint to Pro-se Clerk to
District Court for the Southern
District of New York.

PP. Grievance and receipt of inmate
account funds transferred.

FORM #2708 (1/11)

## GENERAL RECEIPT

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
INMATE ACCOUNTING SYSTEM

Rec'd 9/13/18, G-42|

3779347

DATE 9/11/18

FOR INMATE Carlos Marcia

INMATE NUMBER 8197151516

$ One hundred seven _____ DOLLARS and 37 CENTS

Cw

I CERTIFY THESE AMOUNTS TO BE TRUE AND CORRECT (Employee Sign)

"SHORT" NAME CIGAR

COMMENT: Auburn

* CODES *

TOTAL AMOUNT $ 10237

| 03 | Inmate Cash Surrender | 08 | Deposit Interest |
| 04 | Transferred Funds | 09 | Bank Acct. Return |
| 05 | Work Release | 18 | Miscellaneous |

CODE TYPE * 3 0 4

|  | Cash | Number |
| X | Check | 304817 |
|  | Money Order | |
|  | Post. Exp. | |

DISTRIBUTION: WHITE - RETAIN IN BOOK    YELLOW - TO BUSINESS OFFICE    PINK - TO INMATE

360

No Transfer Funds

FORM 2131E (REV. 6/06)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## INMATE GRIEVANCE COMPLAINT

Grievance No.

*Wende*                                    CORRECTIONAL FACILITY   **WDE-45244-18**

Date  8/30/18

Name  CARLOS GARCIA     Dept.No. 89-T-1556  Housing Unit  G-42-6

Program _____   AM _____   PM

*(Please Print or Type - This form must be filed within 21 calendar days of Grievance Incident)*

Description of Problem: (Please make as brief as possible)  I am submitting this Grievance because I arrived at this facility on 8/16/18, and I got a Visit on 8/18/18. My family deposited $40.00 into my account, and I received a receipt that says my funds were placed into my account on 8/20/18. However, I wrote for a stamp buy on 8/26/18, and on 8/28/18 I got it back talking about "insufficient funds". I wrote inmate account and get a response that my spendable balance is $0.00, because my transfer funds have not arrived yet. But I got $40.00 here at Wende, so where did those funds go?

Grievant
Signature  *Carlos Garcia*

Grievance Clerk _____   Date: _____

Advisor Requested  ☐ YES  ☐ NO   Who: _____

Action requested by inmate:  That my Account be established here. I have been here Two weeks, and The new J-Pay electronic system is promoted as being faster. Plus, money was left here on the Visit, therefore account should be opened as the pink slip implies. I spoke to counselor, wrote inmate account, stewardess and spoke to

This Grievance has been informally resolved as follows:   Dep. Lowery (D.S.P),

_____

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
Signature _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

Response of IGRC: Per investigation it is reported by J. Mruczek OA2 that when the grievants account was opened at this facility, his account was still open at the previous facility, and until the funds are transferred here, the account here will be in the negative balance (107.37 @ previous fac., 40.00 received @ Wende, which was applied to the negative balance).

Grievance denied.

Date Returned to Inmate ___9/14/18___   IGRC Members _____

Chairperson _____

Return within 7 calendar days and check appropriate boxes.*

☐ I disagree with IGRC response and wish to appeal to the Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent

☐ I apply to the IGP Supervisor for review of dismissal

Signed _____
Grievant                                    Date

_____
Grievance Clerk's Receipt                    Date

---

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
Date

Grievance forwarded to the Superintendent for action _____
Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

A. Misbehavior Report

B. Assault Grievance

C. Medical Grievance

D. Supt' Complaint

E. Grievance

F. Grievance

G. Supt.' Complaint

H. Grievance

I. Supt' Complaint

J. Grievance

K. Supt' Complaint

L. Assistant Request

M. Documetary evidence
   (sports cross over list)

N. Grievance acknowledgement
   Receipt

O. Commissioner Complaint
   on Hearing Officer

P. Memor of Bias investigation
   complaint

Q. Use of force Report & Photos (3)

R. Hearing disposition/witness Refusal
   notice

S. F.O.I.L. Request

T. Grievance Status Request

U. FOIL Request for Photos
   and Hearing Packet

V. Memo of grievance Status
   Response

W. administrative appeal

X. IGRC letter

Y. Supt' Discretionary Review

Z. C.O.R.C. Appeal

AA. Foil Request

BB. Administrative appeal response

CC. C.O.R.C Appeal

DD. letter to Grievance supervisor

EE. Letter to C.O.R.C. Director

FF. Director of IGRC response

GG. Foil Request

HH. IGRC Director response

II. IGRC. Correspondence

JJ. Grievance response

KK. IGRC Dir. Response

LL. Correspondence to IGRC Director

MM. Response from Dir. of IGRC

NN. Memo from Dir. of IGRC
    (Receipt of Appeal

OO. Complaint to Pro se Clerk to
    District Court for the Southern
    District of New York.

PP. Grievance and receipt of inmate
    account funds transferred.

JS 44C/SDNY
REV. 5/2010

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of
pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the
Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of
initiating the civil docket sheet.

2018 SEP 24  PM 4: 01

**PLAINTIFFS**

CARLOS GARCIA # 89-T-1556

**DEFENDANTS**

THOMAS GRIFFIN, SUPERINTENDENT, ET AL
(SEE ATTACH)

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

PRO-SE

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violation of 1st Amend., 4th Amend., 8th Amend and 14th Amend. of the U.S. Constitution, Right to be
free of battery, excessive force, cruel and unusual punishment and retaliation, 42 U.S.C § 1983 § 1985(3).

Has this or a similar case been previously filed in SDNY at any time? No? [x] Yes? [ ]   Judge Previously Assigned

If yes, was this case Vol.[ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                     **NATURE OF SUIT**

                                                   ACTIONS UNDER STATUTES

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| | **TORTS** | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 620 OTHER FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| [ ] 130 MILLER ACT | [✓] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | **PROPERTY RIGHTS** | [ ] 450 COMMERCE |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | [ ] 630 LIQUOR LAWS | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 640 RR & TRUCK | [ ] 830 PATENT | [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 650 AIRLINE REGS | [ ] 840 TRADEMARK | |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | | [ ] 480 CONSUMER CREDIT |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 690 OTHER | **SOCIAL SECURITY** | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | | [ ] 861 HIA (1395ff) | [ ] 810 SELECTIVE SERVICE |
| [ ] 160 STOCKHOLDERS SUITS | | | **LABOR** | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/COMMODITIES/EXCHANGE |
| [ ] 190 OTHER CONTRACT | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 864 SSID TITLE XVI | |
| [ ] 196 FRANCHISE | | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 865 RSI (405(g)) | [ ] 890 OTHER STATUTORY ACTIONS |
| | **ACTIONS UNDER STATUTES** | | [ ] 740 RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | [ ] 891 AGRICULTURAL ACTS |
| | | | [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 892 ECONOMIC STABILIZATION ACT |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 893 ENVIRONMENTAL MATTERS |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | | | [ ] 894 ENERGY ALLOCATION ACT |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | | **IMMIGRATION** | | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING/ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | [ ] 462 NATURALIZATION APPLICATION | | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 MANDAMUS & OTHER | [ ] 463 HABEAS CORPUS-ALIEN DETAINEE | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [✓] 550 CIVIL RIGHTS | [ ] 465 OTHER IMMIGRATION ACTIONS | | |
| | [ ] 440 OTHER CIVIL RIGHTS | [ ] 555 PRISON CONDITION | | | |

<u>Check if demanded in complaint:</u>

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 450,000   OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____   DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)                                    **ORIGIN**

[X] 1 Original Proceeding  [ ] 2a. Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from (Specify District)  [ ] 6 Multidistrict Litigation  [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

[ ] 2b. Removed from State Court AND at least one party is pro se.

(PLACE AN x IN ONE BOX ONLY)          **BASIS OF JURISDICTION**          *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

[X] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

WENDE CORRECTIONAL FACILITY
P.O. Box 618 Wende Road
Alden, NewYork 14004-1187

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

GREEN HAVEN CORRECTIONAL FACILITY
P.O. BOX 4000
STORMVILLE, N.Y. 12582-4000

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [X] WHITE PLAINS   [ ] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| | PRO-SE | [ ] NO |
| RECEIPT # | | [ ] YES (DATE ADMITTED Mo. _____ Yr. _____) Attorney Bar Code # |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**CRIME EVIDENCE**

*Article Description*

♯ 7 · 30 · 15   ‖ x .50

*Exhibit No.*

Garcia — 89T 1556

*Date Found, Located or Developed*

*Where This Article Was Found*

— FOil —

*Investigating Officer*

SIRCHIE  FINGER PRINT LABORATORIES

CAT. NO.  EE57

CARLUS GARCIA 81A1556
WENDE CORRECTIONAL FACILITY
3040 WENDE ROAD
ALDEN, N.Y. 14004-1187



PRO SE CL...
U.S. DISTRICT...
SOUTHERN DISTR...
U.S. COURT...
500 PEARL...
NEW YORK, N.Y...

USM
SDNY