UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CARLOS GARCIA,

                                                     18-CV-8761 (KMK)

                       Plaintiff,

              - against -                      **DEFENDANTS PASTILHA,
                                                   FINN, GUTWEIN, GIORDANO,**
THOMAS GRIFFIN, ARMAND T. PASTILHA,   **SNEDECKER, AND**
AARON FINN, UNIDENTIFIED CORRECTION  **SCICCHITANO'S ANSWER TO**
OFFICER, ERIC GUTWEIN, UNKNOWN       **PLAINTIFF'S COMPLAINT**
GIORDANO, KAREN BELLAMY, UNKNOWN
STANAWAY, UNKNOWN SNEDECKER,
UNKNOWN SCICCHITANO, and YVETANE   **JURY TRIAL DEMANDED**
NICOLAS,

                       Defendants.
------------------------------------------------------------------ X

        Defendants Armand Pastilha, Aaron Finn, Eric Gutwein, Susan Giordano, Robert Snedecker, and David Scicchitano (collectively, "Answering Defendants") [1], each employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), by their attorney, LETITIA JAMES, Attorney General of the State of New York, answer the Complaint (ECF Docket No. 2) as follows:

        Answering Defendants deny any and all allegations of Plaintiff's Complaint except to the extent specifically set forth below.

### AS AND TO THE SECTION OF THE COMPLAINT TITLED "PARTIES IN THIS COMPLAINT"

    1.    Answering Defendants deny that Plaintiff is currently at Wende Correctional Facility, but admit that they are currently employed by DOCCS. Answering Defendants Pastilha, Finn, Gutwein, and Giordano admit that they are currently assigned to Green Haven Correctional

---

[1] On April 1, 2019, Defendants Thomas Griffin, Karen Bellamy, and Laura Stanaway filed a pre-motion letter requesting a conference to discuss their anticipated motion to dismiss.

Facility and Defendants Snedecker and Scicchitano deny that they are currently assigned to Green Haven Correctional Facility.

### AS AND TO THE SECTION OF THE COMPLAINT TITLED "STATEMENT OF CLAIM"

2.     In response to Paragraphs II, A-C, Answering Defendants deny that events occurred as Plaintiff alleges, except admit that Plaintiff was an inmate at Green Haven Correctional Facility on July 30, 2015.

### AS AND TO SECTION II (D) OF THE COMPLAINT TITLED "FACTS"

3.     In response to Plaintiff's allegation that, on July 30, 2015, Plaintiff was "called over by three officers who had previously harassed [him]," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth the allegations.

4.     In response Plaintiff's allegation that Plaintiff "went to the officers who began to question [him,] and was then ordered to take it to the B&C corridor," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

5.     In response to Plaintiff's allegation that Plaintiff "complied and as [he] was walking, C.O. Finn attacked [Plaintiff] from behind and put [him] in an illegal choke hold, where he lost consciousness, and [was] placed in mechanical restraints," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Finn denies the allegations, and admits that Plaintiff was placed into mechanical restraints.

6.     In response to Plaintiff's allegation that Plaintiff "was awoken and taken into the B&C corridor, where C.O. Finn … bent [Plaintiff's] arms upward and battery rammed [his] head into a brick wall while in handcuffs," Answering Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations, except Defendant Finn denies the allegations.

7. In response to Plaintiff's allegation that "C.O. Pastilha hit [Plaintiff] with a baton across [his] right temple, [he] went down and was viciously kick [sic] in the nose," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except Defendant Pastilha denies the allegations.

8. In response to Plaintiff's allegation that "[t]he response team arrived, upon their arrival [Plaintiff] was sprawled out on the pavement in an awkward position," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

9. In response to Plaintiff's allegation that Plaintiff "complained of chess [sic] pain and that [he] could not breathe due to [his] anxiety disorder," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

10. In response to Plaintiff's allegation that "C.O. Snedecker and several officers began to climb on [Plaintiff's] limbs, one stepped on [his] right elbow, one on [his] left elbow, one stepped on [his] foot holding it down sideways and one on [his] right, while Officer Snedecker climbed on [Plaintiff's] lower leg while bouncing up and down trying to snap the bone until [Plaintiff] began to yell in pain while the Sergeant looked on," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Snedecker denies the allegations as they pertain to him, and Defendant Scicchitano admits that, on July 30, 2015, he was a Sergeant at Green Haven Correctional Facility and responded to the B&C Corridor at approximately 7:45pm, but denies the allegations as they pertain to him.

11. In response to Plaintiff's allegation that "the only people who witnessed what happen [sic] were all [correction officers] and the Sergeant who was present," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

12. In response Plaintiff's allegation that he "was isolated from any inmates after being taken out of the yard," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS AND TO THE SECTION OF THE COMPLAINT TITLED "INJURIES"

13. In response to the paragraph titled "Injuries," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries, and otherwise deny the allegations.

## AS AND TO THE SECTION OF THE COMPLAINT TITLED "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

14. In response Paragraph "A," Answering Defendants deny the allegations, except admit that Plaintiff was an inmate at Green Haven Correctional Facility on July 30, 2015.

15. In response to Paragraph "B," Answering Defendants admit that Green Haven Correctional Facility has an inmate grievance procedure.

16. In response to Paragraph "C," Answering Defendants admit that the grievance procedure covers Plaintiff's claims.

17. In response to Paragraph "D," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

18. In response to Paragraph "E," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

19. In response to Paragraph "F," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

20. In response to Paragraph "G," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS AND TO THE SECTION OF THE COMPLAINT TITLED "RELIEF"

21. In response to the Section titled "Relief," Answering Defendants deny any wrongdoing and deny that that Plaintiff is entitled to any relief.

## AS AND TO THE SECTION OF THE COMPLAINT TITLED "PREVIOUS LAWSUITS"

22. In response to the Section titled "Previous Lawsuits," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS AND TO THE "AFFIDAVIT OF CARLOS GARCIA"

23. In response to Paragraph "1," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

24. In response to Paragraph "2," Answering Defendants deny that all of the allegations made in Plaintiff's Complaint are true, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "2."

25. In response to Paragraph "3," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants Finn and Pastilha deny the allegations.

26. In response to Paragraph "4," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Finn denies the allegations and admits that Plaintiff was placed into mechanical restraints.

27. In response to Paragraph "5," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants Finn and Pastilha deny the allegations.

28. In response to Paragraph "6," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Scicchitano denies the allegations.

29. In response to Paragraph "7" of Plaintiff's Affidavit, Answering Defendants deny the allegations except admit that, on July 30, 2015, they were in compliance with all DOCCS rules.

30. In response to Paragraph "8," Answering Defendants deny the allegations.

31. In response to Paragraph "9," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Snedecker denies the allegations.

32. In response to Paragraph "10," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

33. In response to Paragraph "11," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Scicchitano denies the allegations.

34. In response to Paragraph "12," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

35. In response to Paragraph "13," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

36. In response to Paragraph "14," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Gutwein denies the allegations.

37. In response to Paragraph "15," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Giordano denies the allegations.

38. In response to Paragraph "16," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

39. In response to Paragraph "17," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

40. In response to Paragraph "18," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

41. In response to Paragraph "19," Answering Defendants deny the allegations, except admit that, on July 30, 2015, they were in compliance with DOCCS rules.

42. In response to Paragraph "20," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

43. In response to Paragraph "21," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that this Answer is being filed in response to Plaintiff's Complaint, No. 18- Civ. 8761, pending in the Southern District of New York.

44. In response to Paragraph "22," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

45. In response to Paragraph "23," Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny any allegations of wrongdoing and deny that Plaintiff is entitled to any relief.

### AS AND TO THE SECTION OF THE PLAINTIFF'S AFFIDAVIT TITLED "WHEREFORE"

46. In response to the "Wherefore" clause of Plaintiff's Affidavit, defendants deny that a response is required to the allegations because they consist of a legal conclusion. To the extent that a response is required, Answering Defendants deny that Plaintiff is entitled to the relief requested.

47. Answering Defendants deny all remaining allegations and deny any wrongdoing.

### DEFENSES

### AS AND FOR A FIRST DEFENSE

48. The Complaint fails to state a claim or allege sufficient facts upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

49. Answering Defendants are entitled to qualified immunity.

### AS AND FOR A THIRD DEFENSE

50. This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint because the federal claims do not rise to a constitutional level.

### AS AND FOR A FOURTH DEFENSE

51. On information and belief, Plaintiff has failed to exhaust his administrative remedies on one or more of his claims, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), before filing this action.

## **JURY DEMAND**

52.     Answering Defendants demand a jury trial.

**WHEREFORE**, Answering Defendants respectfully request that this Court dismiss the claims against them, and grant such further relief as the Court deems just and proper.

Dated:  New York, New York
        April 1, 2019

LETITIA JAMES
Attorney General of the State of New York
<u>Attorney for Defendants Pastilha, Finn,
Gutwein, Giordano, Snedecker,
and Scicchitano</u>
By:
*/s/*_____
Rebecca L. Johannesen
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8373
