UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS GARCIA,

                              Plaintiff,

                   v.

THOMAS GRIFFIN, *et al.*,

                              Defendants.

No. 18-CV-8761 (KMK)

OPINION & ORDER

---

Appearances:

Carlos Garcia
White Plains, NY
*Pro Se Plaintiff*

Rebecca L. Johannesen, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

      Plaintiff Carlos Garcia ("Plaintiff"), proceeding pro se, brings this Action pursuant to 42 U.S.C. § 1983 against Defendants Superintendent Thomas Griffin ("Griffin"), Correction Officer ("C.O.") Armand T. Pastilha ("Pastilha"), C.O. Aaron Finn ("Finn"), C.O. Scott Pierson ("Pierson"), C.O. Snedecker ("Snedecker"), Hearing Officer Eric Gutwein ("Gutwein"), Employee Assistant Giordano ("Giordano"), Inmate Grievance Program Director Karen Bellamy ("Bellamy"), Inmate Grievance Program Supervisor Stanaway ("Stanaway"), Sgt. Scicchitano ("Scicchitano"), and Registered Nurse Yvetane Nicolas ("Nicolas") (collectively, "Defendants"), alleging violations of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments based on incidents that took place at the Green Haven Correctional Facility

("Green Haven") on July 30, 2015.  (*See* Am. Compl. (Dkt. No. 30-1).)   Before the Court is Griffin, Gutwein, Giordano, Bellamy, and Stanaway's Motion To Dismiss (the "Motion").  (*See generally* Not. of Mot. (Dkt. No. 41); Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") (Dkt. No. 42).)  For the following reasons, the Motion is granted.

## I.  Background
### A.  Factual Background

The following facts are taken from Plaintiff's Amended Complaint and assumed true for the purposes of this Motion.  *See Sierra Club v. Con-Strux LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (accepting "all factual allegations as true" for the purposes of a motion to dismiss and deeming a complaint to include "any written instrument attached to it as an exhibit" (citations omitted)).

On July 30, 2015, Plaintiff was walking toward Green Haven's "A & B yard on the west side" when three officers "called [him] over."  (Am. Compl. 4.)  Plaintiff approached the officers, who questioned him and then ordered him to walk toward "the B & C corridor."  (*Id.*)  As Plaintiff complied, Finn "attacked [Plaintiff] from behind and put [him] in an illegal choke hold," causing him to lose consciousness.  (*Id.*)  At some point thereafter, Plaintiff was placed in mechanical restraints, and then taken into the B & C corridor.  (*Id.*)  There, Finn and Pierson bent Plaintiff's shackled arms upward and "rammed" his head "into a brick wall."  (*Id.*)  Pastilha then hit Plaintiff "with a baton across the right temple," and Plaintiff collapsed, which is when he was "viciously kicked in the nose."  (*Id.*)

When the response team arrived, Plaintiff was "sprawled out on the pavement in an awkward position" and complaining about chest pain, difficulty breathing, and his anxiety disorder.  (*Id.*)  Nonetheless, Snedecker and several other officers "climb[ed] on [Plaintiff's] limbs," with Snedecker "bouncing up and down trying to snap the bone" of Plaintiff's lower leg.  (*Id.*)  As Snedecker and these officers stepped on Plaintiff, Schicchitano simply "looked on."

2

(*Id.*)  Plaintiff further alleges that, following the incident, Giordano "did not provide [Plaintiff] any assistan[ce]"; that Gutwein denied Plaintiff documentary evidence and rendered "a guilty disposition without any evidence"; and that Stanaway and Bellamy "circumvented [Plaintiff's] grievance complaint."  (*Id.* at 5.)  Based on the above, Plaintiff seeks $50,000 in compensatory damages from Defendants "in their individual capicit[ies,] and further relief that the Court deems just and proper."  (*Id.*)

B.  Procedural Background

Plaintiff initiated this Action by filing a Complaint on September 24, 2018.  (*See* Compl. (Dkt. No. 2).)  On October 30, 2018, the Court issued an Order of Service, directing the Marshals Service to effect service on Defendants Griffin, Pastilha, Finn, Gutwein, Giordano, Bellamy, Stanaway, Snedecker, Scicchitano, and Nicolas.  (Dkt. No. 7.)  The Court further instructed the Attorney General of the State of New York to ascertain the identities of several partially identified or unidentified officers who Plaintiff wished to include as Defendants.  (*Id.*)  On February 14, 2019, Assistant Attorney General Rebecca Johannesen responded to the Court's Order, explaining that two officers had already been adequately identified in the suit and served, and naming Pierson as the only remaining unidentified officer.  (Dkt. No. 26.)

On April 1, 2019, Finn, Giordano, Gutwein, Pastilha, Scicchitano, and Snedecker filed an Answer to the initial Complaint.  (Dkt. No. 27.)  The same day, Bellamy, Griffin, and Stanaway requested permission to file a motion to dismiss.  (Dkt. No. 28.)

On April 2, 2019, Plaintiff filed his Amended Complaint, including Pierson among the named Defendants.  (*See* Am. Compl.)  On June 20, 2019, Finn, Pastilha, Scicchitano, and Snedecker filed an Answer to the Amended Complaint.  (Dkt. No. 34.)  On September 13, 2019, Griffin, Gutwein, Giordano, Bellamy, and Stanaway ("Moving Defendants") filed the instant

3

Motion. (*See* Not. of Mot.; Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") (Dkt. No. 42).)¹  On September 16, 2019, and again on October 21, 2019, Plaintiff wrote to the Court requesting an extension of time to file a response to the Motion. (Dkt. Nos. 42, 47.)  On November 6, 2019, the Court ordered Plaintiff to submit his Opposition by November 18, 2019. (Dkt. No. 48.)  On January 6, 2020, when Plaintiff failed to respond, the Court deemed the Motion fully submitted.  (Dkt. No. 50.)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a

---

¹ It does not appear that Defendants Pierson and Nicolas were ever served with the Summons or Amended Complaint.  (*See* Dkt. No. 33.)  With respect to Nicolas, the Marshals attempted to effect service, but were unable to do so.  However, the Court never issued an Order of Service with respect to Pierson.  Accordingly, the Court does so now.  *See supra.*

claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)); *Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted). When a plaintiff proceeds pro se, however, a [c]ourt may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 (n.3 S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11 CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents either in [the] plaintiff[']s possession

or of which [the] plaintiff[ ] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted).

B.  Analysis

Moving Defendants argue that the Amended Complaint does not contain any factual allegation regarding Griffin; that Plaintiff "has no constitutional right to the investigation and disposition of his grievances at the level he so desires and, thus, fails to state a claim against [Bellamy and Stanaway]"; and that Plaintiff's allegations against Giordano and Gutwein are insufficient to establish that the disciplinary hearing implicated a constitutionally protected liberty interest.  (*See generally* Defs.' Mem.)  Moving Defendants also argue that they are entitled to qualified immunity.  (*See id*.)  The Court addresses these arguments to the extent necessary for resolving the instant Motion.

1.  Claims Against Griffin

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F. 3d 133, 138 (2d Cir. 2013).  To establish personal involvement, a plaintiff must show that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Id*. at 139 (italics and quotation marks omitted) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).  In other words, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff fails even to mention Griffin in the body of the Amended Complaint. (*See* Am. Compl. 4–5.)[2]  This failure is sufficient grounds for dismissal. *See Oquendo v. Quality Choice Corr. Healthcare*, No. 16-CV-1828, 2017 WL 3927293, at *4 (S.D.N.Y. Sept. 6, 2017) ("Neither County [d]efendant is even mentioned by name or position in the body of the [c]omplaint, which is itself ground for dismissal." (citations omitted)); *Manley v. Ramos*, No. 13-CV-2662, 2014 WL 1496094, at *2 (S.D.N.Y. Apr. 16, 2014) (dismissing claims where the plaintiff "name[d] [police officers] as defendants in the caption, but ... never mention[ed] them again in the body of the complaint"). Moreover, to the extent Plaintiff seeks to hold Griffin liable for the acts of his subordinates, § 1983 cannot support such a theory of "vicarious liability." *See Iqbal*, 556 U.S. at 676. Accordingly, because there is no allegation or reasonable inference of Griffin's personal involvement in any alleged constitutional violation, the claims against Griffin are dismissed. *See Thomas v. DuBois*, No. 19-CV-7533, 2020 WL 2092426, at

---

[2] In an affidavit attached to his initial Complaint, Plaintiff included allegations against Griffin, but all such allegations were conclusory. For example, Plaintiff alleged that Griffin "encouraged an environment where officers had a carte blanche, blatantly assaulting inmates," "refused to address the constant assaults," and "totally ignored" complaints. (Aff. of Carlos Garcia ¶¶ 12–13 (Compl. at ECF 12–17).) Thus, even if the Court exercised its discretion to treat this prior affidavit as incorporated into the Amended Complaint, *see Zheng v. Gen. Elec. Co.*, No. 15-CV-1232, 2016 WL 2636297 at *2 (N.D.N.Y. May 9, 2016) (treating a pro se plaintiff's earlier complaints as incorporated by the operative complaint), such allegations are conclusory statements that "amount to nothing more than a formulaic recitation of the elements" of a claim under 42 U.S.C. § 1983, *see Iqbal*, 556 U.S. at 681 (citation and quotation marks omitted); *see also Ceparano v. County of Suffolk*, No. 10-CV-2030, 2013 WL 6576817, at *7 (E.D.N.Y. Dec. 13, 2013) (explaining that an allegation that a defendant "creat[ed] an environment that encouraged . . . violations" was conclusory). Because these allegations lack details to substantiate a claim, they cannot withstand a motion to dismiss. *See Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (holding that a complaint that contains only conclusory, vague or general allegations cannot withstand a motion to dismiss).

\*3 (S.D.N.Y. Apr. 30, 2020) (dismissing claims against a defendant who was not named in the body of the complaint).

### 2. Claims Against Bellamy and Stanaway

Section 1983 does not create substantive rights, but merely provides "a procedure for redress for the deprivation of rights [already] established." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). Accordingly, to state a viable claim under § 1983, a plaintiff must allege that a defendant, while acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution or by the laws of the United States. *See id*. ("In order to prevail on [§] 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a federal right." (citations omitted)).

Plaintiff alleges that Bellamy and Stanaway "circumvented [his] grievance complaint without any remedy." (*See* Am. Compl. at 5.) That allegation does not give rise to a § 1983 claim because a prisoner does not have an independent right to prison grievance processes. "It is well established . . . that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim." *Swift v. Tweddell,* 582 F. Supp. 2d 437, 445–46 (W.D.N.Y. 2008); *see also Ford v. Aramark*, No. 18-CV-2696, 2020 WL 377882, at \*11 (S.D.N.Y. Jan. 23, 2020) (explaining that "[p]rison grievance procedures do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment") (citation and quotation marks omitted) (collecting cases); *Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at \*3 (S.D.N.Y. Mar. 29, 2001) ("[T]he refusal to process an inmate' s grievance or failure to see to it that grievances are properly processed does not create a claim under § 1983." (citation omitted)).

Accordingly, because Plaintiff's claims against Bellamy and Stanaway for failure to address Plaintiff's grievance have no constitutional basis, these claims are dismissed.

### 3.  Due Process Claim Against Gutwein and Giordano

"[T]o present a [procedural] due process claim, a plaintiff must establish (1) that he possessed a [property] or liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process."  *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001) (citation and quotation marks omitted).  It is well settled that inmates retain due process rights in prison disciplinary proceedings.  *See Wolff v. McDonnell*, 418 U.S. 539, 563–72 (1974) (describing the procedural protections that inmates are to receive when subject to significant disciplinary punishment).  However, the Supreme Court has held that "[p]rison discipline implicates a liberty interest [only] when it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (citation, alteration and quotation marks omitted).  In determining whether prison discipline "imposes atypical and significant hardship on the inmate," courts consider "the length of disciplinary confinement" and "the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions."  *Aikens v. Royce*, No. 14-CV-663, 2015 WL 7758892, at *4 (S.D.N.Y. Dec. 1, 2015) (citation and quotation marks omitted).

In his Amended Complaint, Plaintiff alleges that Giordano did not provide him with assistance in preparation for his disciplinary proceeding, and that Gutwein failed to provide Plaintiff with "requested documentary evidence," and rendered a guilty disposition "without any evidence."  (Am. Compl. 5.)  However, Plaintiff has alleged no facts indicating that he was placed in disciplinary confinement, or that the disciplinary proceeding otherwise "impose[d] an atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."

9

*Ortiz*, 380 F.3d at 654. (*See generally* Am. Compl.) "Because . . . [p]laintiff has failed to allege a liberty interest, it is not necessary to reach the issue of whether he was provided sufficient process in the hearing on the allegedly fabricated charges." *Jean-Laurent v. Lane*, No. 11-CV-186, 2013 WL 600213, at *18 (N.D.N.Y. Jan. 24, 2013) (footnote omitted), *adopted by* 2013 WL 599893 (N.D.N.Y. Feb. 15, 2013); *see also Allah v. Depaolo*, No. 17-CV-6313, 2019 WL 1649021, at *2 (S.D.N.Y. Apr. 4, 2019) (explaining that a plaintiff pursuing a due process claim must adequately allege that he "possessed a liberty interest" and that a failure to adequately allege such an interest defeats his claims "at the first step" (citation omitted)). Accordingly, because Plaintiff has failed to allege that he was deprived of a liberty interest, the claims against Giordano and Gutwein are dismissed. *See Banks v. County of Westchester*, 168 F. Supp. 3d 682, 692 (S.D.N.Y. 2016) (dismissing due process claims based on prison discipline where the court c[ould not] discern whether the plaintiff's punishment "constituted an atypical and severe hardship" (citation and quotation marks omitted).[3]

### III.  Conclusion

For the foregoing reasons, Moving Defendants' Motion To Dismiss is granted. Because of Plaintiff's pro se status, and because this is the first adjudication on the merits of Plaintiff's claims against Bellamy, Stanaway, Gutwein, and Giordano, the dismissal is without prejudice. If Plaintiff wishes to file a second amended complaint, Plaintiff must do so within 30 days of the date of this Opinion & Order. Plaintiff should include within that amended complaint all changes to correct the deficiencies identified in this Opinion & Order that Plaintiff wishes the Court to consider. Plaintiff is advised that the second amended complaint will replace, not

---

[3] Because the Court has granted the Motion for the foregoing reasons, it does not address Moving Defendants' qualified immunity argument. (*See* Defs.' Mem. 7–8.)

supplement, the Amended Complaint. The second amended complaint must contain all of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider. If Plaintiff fails to abide by the 30-day deadline, his claims may be dismissed with prejudice.

Additionally, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM285 form") for Defendant Pierson.[4] The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on Defendant Pierson.

The Clerk of Court is respectfully directed to terminate the pending Motion (Dkt. No. 41), and to mail a copy of this Opinion to Plaintiff.

SO ORDERED.
DATED:    July 9, 2020
          White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[4] "Correction Officer Scott Pierson, Green Haven Correctional Facility, 594 Rt. 216, Stormville, New York 12582." (Dkt. No. 26; *see also* Am. Compl. at 3.)