UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS GARCIA,<br><br>                              Plaintiff,<br><br>                    -against-<br><br>THOMAS GRIFFIN, Superintendent, Green Haven C.F.; ARMAND T. PASTILHA; AARON FINN; SCOTT PIERSON; ERIC GUTWEIN; UNKNOWN GIORDANO; KAREN BELLAMY; UNKNOWN STANAWAY; UNKNOWN SNEDECKER; UNKNOWN SCICCHITANO; YVETANE NICOLAS,<br><br>                             Defendants. | 18 Civ. 8761 (KMK)(JCM)<br><br>**AMENDED ORDER OF SERVICE** |

JUDITH C. McCARTHY, United States Magistrate Judge:

       Carlos Garcia ("Plaintiff"), currently incarcerated in the Elmira Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 seeking monetary damages. By Order dated October 25, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (Docket No. 5). On October 29, 2018, the Honorable Kenneth M. Karas issued an Order of Service. (Docket No. 7). On January 7, 2019, service was attempted on Defendant Yvetane Nicolas ("Nicolas"); however, service was not effected because Nicolas was no longer employed at Green Haven Correctional Facility. (Docket No. 19). At a July 21, 2021 conference before the undersigned, the Court directed Defendants to provide an updated address for Nicolas.[1] Defendants did so on August 25, 2021. (Docket No. 81). The Court, therefore, directs service on Nicolas and directs her to comply with Local Civil Rule 33.2.

---

[1] "District courts have a responsibility to assist *pro se* plaintiffs in their efforts to serve process on defendants." *Murray v. Pataki*, 378 Fed. App'x 50, 52 (2d Cir. 2010) (summary order).

- 1 -

## I. DISCUSSION

Plaintiff has been granted permission to proceed IFP; thus, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F. 3d 119, 123 n.6 (2d Cir. 2013) (citing 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (if plaintiff is authorized to proceed IFP, the "court *must* so order" that "service be made by a United States marshal or deputy marshal . . .") (emphasis added)).

Although service must generally be effected within 90 days of the filing of the complaint, Rule 4(m) of the Federal Rules of Civil Procedure provides that, where "plaintiff shows good cause" for his failure to timely serve a defendant, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "'Good cause, or "excusable neglect," is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control.'" *Shchegelskiy v. United States*, No. 20 Civ. 2395 (PGG)(BCM), 2021 WL 735203, at *2 (S.D.N.Y. Feb. 24, 2021) (quoting *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003)).

The Court finds that good cause exists for Plaintiff's failure to timely serve Nicolas. Plaintiff, as a "*pro se* prisoner proceeding [IFP]," was "only required to provide the information necessary to identify the defendant," who he seeks to serve. *Murray v. Pataki*, 378 Fed. App'x 50, 52 (2d Cir. 2010) (summary order) ("it is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison") (internal quotations omitted). In both his complaint and amended complaint, Plaintiff identified Nicolas by providing her full name, position and the correctional facility where she was employed at the time of the events giving rise to his claim. (Docket Nos. 2, 34-1 at 7). Accordingly, Plaintiff satisfied his burden of identifying Nicolas for service of

process, which *must* be effectuated by the U.S. Marshals service. *See Murray*, 378 Fed. App'x at 52; Fed. R. Civ. P. 4(c)(3). The fact that service on Nicolas was unsuccessful was beyond Plaintiff's control. *See Murray*, 378 Fed. App'x at 52 ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."). Consequently, the Court will extend the time to serve Nicolas with the amended complaint until 90 days after the date that an amended summons is issued. If the amended complaint is not served on Nicolas within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

To allow Plaintiff to effect service of the amended complaint on Nicolas through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Nicolas. The Clerk of Court is further instructed to issue an amended summons for Nicolas and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the amended summons and the amended complaint upon Nicolas.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the amended complaint, Nicolas must serve responses to those standard discovery requests. In her responses, Nicolas must quote each request verbatim.[2]

## II. CONCLUSION

The Court directs the Clerk of Court to: (1) issue an amended summons for Defendant Yvetane Nicolas; (2) complete a USM-285 form with the service address for Nicolas; and (3) deliver all documents necessary to effect service of the amended summons and the amended complaint on Nicolas to the U.S. Marshals Service.

The Court further directs Nicolas to comply with Local Civil Rule 33.2 within 120 days of service of the amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is requested to mail a copy of this Order to the *pro se* Plaintiff.

Dated:   August 26, 2021
         White Plains, New York

                                          **SO ORDERED:**

                                          _____
                                          JUDITH C. McCARTHY
                                          United States Magistrate Judge

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

Yvetane Nicolas
New York State Department of Corrections and Community Supervision
Office of Counsel, The Harriman State Campus
1220 Washington Avenue
Albany, New York, 12226.