UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
CARLOS GARCIA,

             Plaintiff,

   - against -

ARMAND T. PASTILHA, AARON FINN,
DAVID SCICCHITANO, ROBERT SNEDEKER,
SCOTT PIERSON, YVETANE NICOLAS,

             Defendants.
------------------------------------- X

18-CV-8761 (KMK) (JCM)

**SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL**

      This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Stipulation of Settlement") is made by and between Plaintiff Carlos Garcia ("Plaintiff") and Defendants Aaron Finn, Armand Pastilha, Scott Pierson, David Scicchitano, Yvetane Nicolas, and Robert Snedeker ("Defendants") as follows:

      WHEREAS, Plaintiff commenced this action by filing a complaint on or about September 24, 2018 and then filing his amended complaint (the "Amended Complaint") on or about April 2, 2019, in this Court, Case Number 18 Civ. 8761, against Defendants, in the above-captioned action ("the Action"), alleging that Defendants violated Plaintiff's rights under U.S.C. § 1983, during Plaintiff's incarceration in the New York State Department of Corrections and Community Supervision ("DOCCS"); and

      WHEREAS, Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

      WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in the Amended Complaint in the Action, and any and all other disputes, whether known or unknown,

1

without further litigation or proceedings before any court or other forum, and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, neither Plaintiff nor any of the Defendants is an infant or incompetent person; and no person not a party has an interest in the subject matter of the Action;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation of Settlement, Plaintiff and Defendants hereby agree as follows:

### 1. Dismissal of the Action With Prejudice

The Action, and all claims asserted therein are discontinued with prejudice against all Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

### 2. Payment to Plaintiff

In full consideration of Plaintiff's execution of this Stipulation of Settlement, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Defendants shall pay the gross amount of Nine Thousand Five Hundred Dollars ($9,500.00) in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities, DOCCS, the State of New York, or any of its predecessors, or any of their current or former employees, subdivisions, units or related entities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Stipulation of Settlement, including but not limited to those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have

2

assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

The State of New York, on behalf of the Defendants, shall pay to Plaintiff, the sum of Nine Thousand Five Hundred Dollars ($9,500.00), for which I.R.S. Form 1099 shall be issued, in full satisfaction and complete satisfaction of 1) any and all claims for damages incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action; and 2) any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Payment shall be made by check in the amount of Nine Thousand Five Hundred Dollars ($9,500.00), and shall be made payable to Plaintiff, Carlos Garcia, and delivered to the correctional facility in which Plaintiff is incarcerated, for deposit in his inmate facility/departmental account.

3.  **State Approval of Payments**

Payment of the settlement amount specified in Paragraph 2 of this Stipulation of Settlement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff agrees to promptly execute and deliver all necessary documentation requested with respect to obtaining such approval and effectuating payment.

### 4. Accrual of Interest

In the event that payment of the settlement amount paid to Plaintiff, as specified in Paragraph 2 of this Stipulation of Settlement, has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Stipulation of Settlement entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Stipulation of Settlement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day, unless the provisions of Executive Law Section 632-a apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

### 5. Liability of Plaintiff for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Stipulation of Settlement shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether

in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

### 6. Liability of Plaintiff for Liens and Setoffs

Plaintiff agrees that neither Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their current or former officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Stipulation of Settlement. Plaintiff shall have no claim, right, or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens or setoffs, and agree that he will defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens or setoffs.

### 7. Medicare Certification

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form

5

annexed hereto as Exhibit A, to the OAG. Plaintiff acknowledges and understands that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Stipulation of Settlement, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Stipulation of Settlement.

### 8.    Liability of Plaintiff for Any Medicare Payments and/or Liens

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or DOCCS and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Stipulation of Settlement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

### 9.    General Release

In consideration of the payment of the sum recited in Paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges each of the Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and DOCCS, and all of their present and

former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Stipulation of Settlement, including but not limited to: (a) any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Amended Complaint in this Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's association with any of the Released Parties or the terms and conditions of his association with any of the Released Parties, including but not limited to, his incarceration in the DOCCS system; (c) any and all other claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law relating to plaintiff's incarceration in the DOCCS system. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Stipulation of Settlement.

Nothing in the release set forth above shall prevent Plaintiff from pursuing the claims currently asserted in the action against DOCCS officials other than the Defendants in the action pending in the Northern District of New York, entitled Garcia v. McCarthy, 21 Civ. 814 (GTS)(ML) ("Garcia").

### 10.   No Other Action or Proceeding Commenced

Other than the Action, and the Garcia case referred to in paragraph 9, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants, DOCCS, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Stipulation of Settlement.

### 11.   No Attorney

Plaintiff represents and warrants that there are no attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Plaintiff agrees to defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, from any liability

8

or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

**12.   No Prevailing Party**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**13.   Successors and Assigns**

The terms and conditions of this Stipulation of Settlement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**14.   Authority**

Each signatory to this Stipulation of Settlement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Stipulation of Settlement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation of Settlement.

**15.   Voluntary Agreement**

The parties hereto execute and deliver this Stipulation of Settlement voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect. The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

9

### 16. No Admission of Liability

It is understood and agreed that any action taken or payments made pursuant to this Stipulation of Settlement are made solely to avoid the burdens and expense of protracted litigation, and that this Stipulation of Settlement and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims whether asserted or purportedly asserted in the Action, or as constituting any admission of wrongdoing or liability on the part of the Defendants, DOCCS, the State of New York, or any of their current and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities. Nothing contained in this Stipulation of Settlement shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities.

### 17. No Precedential Value

This Stipulation of Settlement shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Stipulation of Settlement shall not bind or collaterally estop Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

10

### 18.   Entire Agreement

This Stipulation of Settlement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Stipulation of Settlement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19.   Governing Law

The terms of this Stipulation of Settlement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Stipulation of Settlement.

### 20.   Severability

If any provision of this Stipulation of Settlement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 21.   Headings

The headings contained in this Stipulation of Settlement are for convenience of reference only and are not a material part of this Stipulation of Settlement.

### 22.   Execution

This Stipulation of Settlement may be executed in any number of counterparts, all of which taken together shall constitute one Stipulation of Settlement, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Stipulation of Settlement and accept and agree to the provisions contained herein, and have each executed this Stipulation of Settlement to be effective on the day and date indicated below.

Dated: New York, New York
December 30, 2021

**LETITIA JAMES**
Attorney General
State of New York
*Attorney for Defendants*

*/s/ Sarande Dedushi*
Sarande Dedushi
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8105
Sarande.Dedushi@ag.ny.gov

RE: Settlement, Release, and Order of Dismissal

Case 7:18-cv-08761-KMK-JCM  Document 101  Filed 02/07/22  Page 13 of 13
Case 7:18-cv-08761-KMK-JCM  Document 97  Filed 02/03/22  Page 13 of 13

Dated: Elmira, New York
1/5/22, 2022

Elmira Correctional Facility
1879 Davis St.
P.O. Box 500
Elmira, NY 14901

Carlos Garcia (DIN: 89-T-1556)

## ACKNOWLEDGMENT

On the 5TH day of JAN, 2022, before me came, Plaintiff, Carlos Garcia, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

Notary Public

ELIJAH NICHOLS I.D. #01NI6405359
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chemung County
Commission expires on March 09, 2029

SO ORDERED:

Dated: New York, New York
February 4, 2022

Hon. Kenneth M. Karas
United States District Judge

13